12 Ill.2d 515 (1957)
147 N.E.2d 89
THE PEOPLE ex rel. The Atchison, Topeka and Santa Fe Railway Company, Petitioner,
v.
EZRA J. CLARK, Circuit Judge, et al., Respondents.
No. 34477.
Supreme Court of Illinois.
Opinion filed December 18, 1957.
Rehearing denied January 23, 1958.
*516 FLOYD E. THOMPSON, CHARLES J. O'LAUGHLIN, and THOMAS P. SULLIVAN, all of Chicago, for petitioner.
BENJAMIN S. ADAMOWSKI, State's Attorney, of Chicago, (L. LOUIS KARTON, and FRANCIS X. RILEY, of counsel,) for responent Ezra J. Clark; and WILLIAM H. DEPARCQ and ROBERT J. MARTINEAU, both of Chicago, for respondent Joe Moore.
Writ denied.
Mr. JUSTICE KLINGBIEL delivered the opinion of the court:
This is an original petition for a writ of mandamus sought by the Atchison, Topeka and Santa Fe Railway Company, petitioner, to compel respondent, the Honorable Ezra J. Clark, to dismiss on the ground of forum non conveniens the cause pending in the circuit court of Cook County entitled Joe Moore, Administrator of the Estate of Vernon F. Adair, Deceased, Plaintiff, v. The Atchison, Topeka and Santa Fe Railway Company, a corporation, Defendant, No. 56 C 14719.
The verified petition for mandamus and answer thereto set forth the following undisputed facts. On July 5, 1955, Vernon F. Adair, a resident of Clovis, New Mexico, was killed in a head-on collision near Cardenas, New Mexico, between petitioner's westbound train, on which deceased was employed as a brakeman, and petitioner's eastbound train. Deceased left surviving at the time of his death a widow and seven minor children, all of whom reside in Clovis, New Mexico. On July 18, 1955, respondent Joe Moore, an attorney residing at Sapulpa, Oklahoma, was duly appointed administrator of the estate of Vernon F. Adair by the county court of Creek County, Oklahoma. Petitioner is a railroad corporation engaged in the business *517 of owning and operating a railroad in various States of the United States, including Illinois, New Mexico, and Oklahoma.
On July 18, 1955, respondent Moore, as administrator, brought an action against petitioner railroad in the district court of Creek County, Oklahoma, seeking recovery under the Federal Employers' Liability Act for the death of Adair. The railroad moved to dismiss the complaint on the ground that the district court of Creek County, Oklahoma, was an inconvenient and inappropriate forum, alleging that trial there would require it to transport some 15 employee witnesses from New Mexico to Oklahoma and that its trial expenses would be more than $5,000 in excess of the amount required were the trial held in New Mexico. The railroad's motion was denied by the district court but subsequently, in an original mandamus proceeding in the Oklahoma Supreme Court, that court issued a writ of mandamus commanding the district court to dismiss the case under the doctrine of forum non conveniens.
While the above Oklahoma case was still pending, the administrator also brought suit against petitioner in the circuit court of Cook County. This action was voluntarily dismissed by the plaintiff because the Oklahoma action between the same parties and for the same cause of action was still pending. After the Oklahoma case was finally determined against the administrator, the suit in Cook County was refiled. On November 29, 1956, the railroad again filed a motion to dismiss on the ground of forum non conveniens alleging, as it had in the Oklahoma proceeding, that the circuit court of Cook County is an inconvenient and inappropriate forum, that a trial in Illinois would require it to transport 15 employee witnesses from New Mexico to Illinois, that its expenses would thereby be increased by more than $5,000, that the trial of such "imported" cases materially burdens the circuit court of Cook County and the residents and taxpayers of said *518 county, and that such cases are responsible for the calendar congestion there. Respondent administrator submitted affidavits in opposition to this motion alleging that petititoner railroad maintains its principal offices in Chicago, that its principal executive officers, general solicitor and legal staff are located in Chicago, and that its board of directors meets in Chicago. Respondent's counsel, in a supplementary affidavit, also alleged that petitioner's motion failed to demonstrate that 15 New Mexico witnesses will be needed to testify at the trial, that any New Mexico witnesses needed can conveniently be brought to Chicago by free passes on petitioner's railroad, that the effect of imported Federal Employers' Liability Act cases on the dockets of the circuit court of Cook County is insignificant, that if this case were tried in New Mexico certain injunction and criminal proceedings pending against respondent administrator's counsel there would serious prejudice the interests of said respondent and the widow and children represented by him and would delay and confuse the civil action between the parties, and that said respondent would not receive a fair and impartial trial in New Mexico because of the predominant influence of the Santa Fe in that State.
Respondent judge entertained petitioner's motion to dismiss on the ground of forum non conveniens, heard arguments and received affidavits and briefs from both sides, and, after some months of deliberation, overruled the motion on the ground that plaintiff's right to choose his forum under section 6 of the Federal Employers' Liability Act is a substantial one which "shouldn't be taken away by the courts  at least unless there is more of a showing than is contained in either of these cases."
Leave having been granted by this court, defendant railroad has filed its original petition for a writ of mandamus to compel the trial judge to dismiss the cause. Petitioner contends that the doctrine of forum non conveniens required a dismissal of this case, that the denial of its *519 motion to dismiss by the trial judge constituted a flat refusal to exercise his discretion or, in the alternative, that such denial constituted a gross abuse of discretion. While apparently admitting that the order complained of eventually may be reviewed on appeal from final judgment in the case, petitioner contends that if it proceeds to trial in this inconvenient forum it will have suffered the injuries alleged without adequate remedy and if a verdict for plaintiff results, it will be foreclosed from obtaining a fair review of said order because the reviewing court will take into consideration the possibility that plaintiff's cause of action may be endangered by the Statute of Limitations if the case were ordered dismissed. Therefore, it contends, the extraordinary writ of mandamus is appropriate.
Respondent judge and respondent administrator contend, on the contrary, that the judge did exercise his discretion in denying petitioner's motion to dismiss and therefore the action is not reviewable by mandamus, that the judge exercised his discretion correctly and without abuse, and that the doctrine of forum non conveniens should not be applied to actions under the Federal Employers' Liability Act in Illinois.
The decisive issue here, one which has not previously been considered by this court, is whether mandamus is an appropriate remedy to expunge an order of a trial judge denying a motion to dismiss on the ground of forum non conveniens and to compel him to grant the motion and dismiss the cause. We are of the opinion that in the circumstances of this case the writ is inappropriate.
Article VI, section 2, of the Illinois constitution confers original jurisdiction on this court in cases "in mandamus." The traditional use of the writ of mandamus, both at common law and in the Illinois courts, has been to compel the performance of a purely ministerial duty which the relator is entitled of right to have performed and which the party owing the duty has failed to perform. (People *520 ex rel. Jacobi v. Nelson, 346 Ill. 247.) Where the performance of an official duty or act involves the exercise of judgment or discretion, the officer's action is not subject to review or control by mandamus. (People ex rel. Iasello v. McKinlay, 409 Ill. 120, 124.) Although mandamus will lie to compel the performance of a judicial duty where such duty is ministerial and the right is clear, this court has repeatedly held that the writ will not lie to direct or modify the exercise of judicial discretion by a judge. (People ex rel. Dolan v. Dusher, 411 Ill. 535, 538; People ex rel. Barrett v. Shurtleff, 353 Ill. 248, 259-60; People ex rel. Elliott v. Juergens, 407 Ill. 391.) As was said in People ex rel. Barrett v. Shurtleff, 353 Ill. 248, 259, "It is not the office of the writ of mandamus to review the orders, judgments, or decrees of courts for error in their rendition or to correct, direct, or control the action of a judge in any matter which he has jurisdiction to decide. For mere error, however gross or manifest, the remedy is an appeal or writ of error, and the writ of mandamus will not lie for its correction if the court has jurisdiction of the subject matter and the parties."
The doctrine of forum non conveniens has been described as an equitable doctrine whereby "the trial court may, in its discretion, decline the jurisdiction of the case," under certain circumstances, "even though it may have proper jurisdiction over all parties and the subject matter involved." (Whitney v. Madden, 400 Ill. 185, 189.) Therefore, a motion to dismiss based on forum non conveniens raises an issue which necessitates an exercise of discretion by the trial judge in ruling thereon. Such discretionary action of a trial judge cannot be reviewed or controlled by mandamus unless the judge refused to exercise his discretion at all, under the principles relating to mandamus set forth above.
The record in the instant case clearly demonstrates that respondent judge did exercise his discretion in ruling on *521 petitioner's motion. He did not refuse to entertain the motion, but rather he entertained it, heard arguments and received affidavits and briefs thereon, and, after lengthy deliberation, entered an order denying said motion. This ruling was a judicial act and constituted an exercise of the court's discretion. Where an officer, in the exercise of a discretionary power, has considered and determined what his course of action is to be, he has exercised his discretion, and his action is not subject to review or control by mandamus. People ex rel. Iasello v. McKinlay, 409 Ill. 120, 124; MacGregor v. Miller, 324 Ill. 113.
Petitioner contends, however, that in denying its motion and refusing to dismiss respondent judge decided that the doctrine of forum non conveniens could never apply to a Federal Employers' Liability Act case in Illinois and based his ruling solely on that ground. This, it argues, constituted a flat refusal to exercise discretion based on the erroneous belief that he was prohibited from allowing petitioner's motion in any event. As we read it, the very words of respondent's ruling on the motion amply refute this argument. He did not say that the forum non conveniens doctrine could never apply in F.E.L.A. cases, but only that plaintiff's right to choose his forum in such a case should not be taken away under the guise of forum non conveniens "at least unless there is more of a showing than is contained in either of these cases." Thus he explicitly recognized the possibility of dismissing an F.E.L.A. case on the ground of forum non conveniens, and held only that in this case the defendant had not made a sufficient showing to induce him, in his discretion, to grant the motion. Moreover, under Illinois law, even if the judge had held that the forum non conveniens doctrine could never apply to a State action under the F.E.L.A., mandamus would not be appropriate to review the correctness of such ruling. Even if erroneous, which we do not here decide, it would be a mere error of law, subject to correction on appeal, *522 but not reviewable by mandamus. People ex rel. Elliott v. Juergens, 407 Ill. 391.
In regard to a similar contention made in Bankers Life & Casualty Co. v. Holland, 346 U.S. 379, 382, 98 L.ed. 106, the United States Supreme Court said: "The contention is that in acting on the motion and ordering transfer he exceeded his legal powers and this error ousted him of jurisdiction. But jurisdiction need not run the gauntlet of reversible errors. The ruling on a question of law decisive of the issue presented by Cravey's motion and the replication of the petitioner was made in the course of the exercise of the court's jurisdiction to decide issues properly brought before it. [Citations.] Its decision against petitioner, even if erroneous  which we do not pass upon  involved no abuse of judicial power, [citation] and is reviewable upon appeal after final judgment. If we applied the reasoning advanced by the petitioner, then every interlocutory order which is wrong might be reviewed under the All Writs Act. The office of a writ of mandamus would be enlarged to actually control the decision of the trial court rather than used in its traditional function of confining a court to its prescribed jurisdiction."
Petitioner's argument that respondent judge failed to exercise his discretion at all is also refuted by petitioner's own prayer for relief in its petition for mandamus. It asks not that this court merely order respondent to act, but further, that it order respondent to act in a particular way, i.e., to grant the motion and dismiss the cause. This, in itself, indicates that it is the action of the judge in the exercise of his discretion to which petititoner objects, not any refusal to act on his part.
We come then to petitioner's alternative contention that even if it be held that respondent judge did exercise his discretion in denying the motion, such denial was so clearly erroneous that it constituted a gross abuse of discretion subject to review by mandamus.
*523 In our opinion, whether the ruling of the trial judge was erroneous, and, if so, the degree of the error, are not proper considerations in the present mandamus proceeding. To hold otherwise would mean that every interlocutory order could be brought before this court for review on mandamus, and we would be called upon to decide not only whether each such order be erroneous, but also whether sufficiently erroneous to warrant the issuance of mandamus. This would be directly contrary to the rule that "For mere error, however gross or manifest, the remedy is an appeal or writ of error, and the writ of mandamus will not lie for its correction if the court has jurisdiction of the subject matter and the parties." People ex rel. Barrett v. Shurtleff, 353 Ill. 248, 259.
The closest analogy to be found in the Illinois cases is the question of whether mandamus will lie to review an order denying a motion for a change of venue. It is established in this State that mandamus will not lie to review such an order. In People ex rel. Clark v. McRoberts, 100 Ill. 458, 461, in denying an original application for leave to file a petition for mandamus in this court, the court said: "After an examination of the authorities, and the briefs of the parties, we are of opinion that the writ will not lie. * * * If the writ was allowed in this case compelling the court to enter a mere interlocutory order, we see no reason why it might not be asked for and granted in every case while the suit was progressing, compelling the court to enter particular orders. In other words, it would be to bring up the case in fragments from the court below, and have every ruling of that court passed upon during the progress of the case, and in that way bring cases before the court where there was no final judgment or determination in the court below." The above reasoning is equally applicable to an order denying a forum non conveniens motion. Any alleged hardship to the petitioner in the instant case would appear to be substantially similar to *524 that of the petitioner whose motion for a change of venue had been denied. We find no compelling reason to adopt a different rule in this case.
There being a dearth of State authority on the exact question presented here, analogy has been drawn to the Federal cases involving the question of whether mandamus will lie to review the ruling of a trial court on a motion to transfer "for the convenience of parties and witnesses, in the interest of justice" under section 1404(a) of the United States Judicial Code. (28 U.S.C., sec. 1404(a).) Although those cases may be helpful on the subject of mandamus, it is important to emphasize, before considering them, the distinction between a transfer under said section and a dismissal under the doctrine of forum non conveniens. This distinction was pointed up by the United States Supreme Court in Norwood v. Kirkpatrick, 349 U.S. 29, 99 L.ed. 789, 792, where it was said: "The forum non conveniens doctrine is quite different from Section 1404(a). That doctrine involves the dismissal of a case because the forum chosen by the plaintiff is so completely inappropriate and inconvenient that it is better to stop the litigation in the place where brought and let it start all over again somewhere else. It is quite naturally subject to careful limitation for it not only denies the plaintiff the generally accorded privilege of bringing an action where he chooses, but makes it possible for him to lose out completely, through the running of the statute of limitations in the forum finally deemed appropriate. Section 1404(a) avoids this latter danger. Its words should be considered for what they say, not with preconceived limitations derived from the forum non conveniens doctrine." The Federal cases are valuable here, therefore, only insofar as their reasoning tends to shed some light on the question of our power to issue mandamus.
The United States Supreme Court has never found it necessary to rule on the question of whether mandamus *525 will properly lie to review a transfer order under section 1404(a). (Norwood v. Kirkpatrick, 349 U.S. 29, 99 L.ed. 789.) The decisions of the Courts of Appeals for the various circuits are in hopeless conflict on this question, the first, third, fourth, and eighth circuits holding mandamus will not lie to review an order under 1404(a), (In re Josephson, 1 Cir., 218 F.2d 174; All States Freight, Inc. v. Modarelli, 3 Cir., 196 F.2d 1010; Clayton v. Warlick, 4 Cir., 232 F.2d 699; Great Northern Railway Co. v. Hyde, 8 Cir., 238 F.2d 852), and the fifth, sixth and seventh circuits holding that mandamus will lie to review such orders. Atlantic Coast Line Railroad Co. v. Davis, 5 Cir., 185 F.2d 766; Nicol v. Koscinski, 6 Cir., 188 F.2d 537; Chicago, Rock Island & Pacific Railroad Co. v. Igoe, 220 F.2d 299.
The decision of the Court of Appeals for the Seventh Circuit in Chicago, Rock Island & Pacific Railroad Co. v. Igoe, 220 F.2d 299, upon which petitioner chiefly relies, is the most extreme example of the view that mandamus will lie to review an order denying transfer. On the first petition for mandamus in that case, the Court of Appeals held that the trial judge had failed to exercise his discretion in ruling on defendant's motion to transfer and remanded the cause, stating: "Ultimate decision on that motion is within the province of the District Court, and we cannot, as petitioner would have us do, usurp its function and decide the question in this court." (212 F.2d 378.) When on remand the District Court again denied the motion to transfer, however, the Court of Appeals issued the writ of mandamus to compel transfer on the grounds that "The balance of convenience of the parties is so overwhelmingly in favor of the defendant [railroad] that we hold the denial by respondent [judge] of the motion to transfer this case * * * was so clearly erroneous that it amounted to an abuse of discretion." (220 F.2d 299.) The dissent noted: "I think we now usurp, where once we refrained. Either *526 the remand order gave the District Judge a Hobson's choice, or it left him with discretion. * * * If we are substituting our discretion for that of respondent we ought to say so and be done with it. We have no business, as I view it, balancing conveniences of the parties and speculating upon their motivations."
The reasoning of those courts which refuse to issue mandamus to review transfer orders under 1404(a) is well expressed by the Court of Appeals for the Third Circuit in All States Freight, Inc. v. Modarelli, 196 F.2d 1010, 1011:
"It is settled in this Circuit and elsewhere that an order either making a transfer or refusing a transfer is not appealable. Now the effort is being made both in this court and elsewhere to substitute for appeal a review by mandamus whenever the losing party on a motion to transfer wants an advance review of the ruling on this point.
"We think that this practice will defeat the object of the statute. Instead of making the business of the courts easier, quicker and less expensive, we now have the merits of the litigation postponed while appellate courts review the question where a case may be tried.
"Every litigant against whom the transfer issue is decided naturally thinks the judge was wrong. It is likely that in some cases an appellate court would think so, too. But the risk of a party being injured either by the granting or refusal of a transfer order is, we think, much less than the certainty of harm through delay and additional expense if these orders are to be subjected to interlocutory review by mandamus * * *.
"* * * we cannot escape the conclusion that it will be highly unfortunate if the result of an attempted procedural improvement is to subject parties to two lawsuits: first, prolonged litigation to determine the place where a case is to be tried; and, second, the merits of the alleged cause of action itself."
*527 Likewise, in In re Josephson, 218 F.2d 174, 182-3, the court said that as to the contention "that the order of transfer was an `abuse of discretion' under the circumstances, we are clear that as a matter of general policy we ought not to go into that in the present proceeding." Then, after quoting at length from the Modarelli case, the court concluded: "Accordingly, we serve notice that in the future, except in really extraordinary situations * * * we shall stop such mandamus proceedings at the very threshold, by denying leave to file the petition for a writ of mandamus."
Also, in Great Northern Railway Co. v. Hyde, 238 F.2d 852, 857, that court held that mandamus would not lie to review a transfer order even though it resulted in hardship and even though the Appellate Court was of the opinion that the order was erroneous, saying: "We do not regard controversies between litigants, and between their counsel, as to where a case can most conveniently, fairly, efficiently and economically be tried as `really extraordinary.' * * * We think that, in the interest of an expeditious and orderly administration of justice, controversies about venue should be finally settled and determined at the District Court level."
From our review of the Federal authorities, we find the rationale of the cases refusing mandamus to review transfer orders more persuasive and more consonant with the Illinois law relating to mandamus generally.
For the foregoing reasons, we conclude that the trial judge did exercise his discretion in ruling on petitioner's motion to dismiss and that the correctness of said ruling may not properly be reviewed in this mandamus proceeding. Therefore the writ of mandamus must be denied.
Writ denied.
Mr. JUSTICE SCHAEFER, dissenting:
I dissent because I think that as a matter of proper judicial administration the court should face up to the *528 issue that the case presents, and that as a matter of law it is bound to do so. There are many current myths and misconceptions about the factors that are to be taken into account in applying the doctrine of forum non conveniens, particularly with respect to F.E.L.A. cases. Some of them appear in this record. In my opinion this court is properly called upon to dispel them.
There are many cases in which an original mandamus action has been entertained when judicial action taken by the trial court was based upon an erroneous view of the law. (See e.g., People ex rel. Woll v. Graber, 394 Ill. 362; People ex rel. Benefit Association v. Miner, 387 Ill. 390; People ex rel. Waber v. Wells, 255 Ill. 450.) In other recent instances we have not hesitated to entertain original mandamus actions in order to settle important procedural problems of broad public concern. (People ex rel. Noren v. Dempsey, 10 Ill.2d 288; People ex rel. Terry v. Fisher, 12 Ill.2d 231.) A decision on the merits of this case would no more make it necessary to entertain a flood of applications to review interlocutory orders by mandamus than did the decisions in those cases. Once the governing principles are established, so that discretion will be exercised in the light of relevant considerations, repeated exercise of original jurisdiction by this court would be unnecessary.
Two extraneous considerations merged in this case to prevent the trial judge from exercising his discretion in ruling upon the motion. They appear in his oral opinion in which he carefully and explicitly stated the arguments that had been pressed upon him and the reasons for his denial of the motion. He said:
"This matter of these motions of forum non conveniens is an attempt, in my opinion, to deprive the plaintiffs of a substantial right given to them by the Act. If there is anything wrong or to be corrected in that regard, in my opinion it is a matter for the Legislature to correct and not for the courts to do by indirection.
*529 "I know that courts have, and I know that there is a present tendency of courts to refuse jurisdiction where the accident occurs at a great distance, and they do it upon many grounds. But the net result of it is to deprive a plaintiff of a statutory right.
"I don't think it should be done in this manner. Apparently, the Legislature must have had some good reason in not confining the plaintiff to the particular territory where the accident happened but saw fit to give him a wide latitude so far as picking his forum is concerned. That shouldn't be taken away by the courts under the guise of forum non conveniens  at least unless there is more of a showing than is contained in either of these cases."
What has happened is apparent. The trial judge either refused to consider the factors that are relevant, or he improperly depreciated them to a non-existent status, because he was of the opinion that if he considered them he would "deprive the plaintiff of a statutory right." This supposed legal barrier, in the form of a legislatively granted choice of a forum, dominated the trial judge to the exclusion of pertinent considerations of fact. Yet the assumed barrier simply does not exist. Section 6 of the Federal Employers' Liability Act governs venue in the Federal courts. It says nothing about the venue of actions in State courts. Congress has not attempted to regulate, if indeed it has power to regulate, the venue of actions in the State courts. See, Missouri ex rel. Southern Railway Co. v. Mayfield, 340 U.S. 1.
The Supreme Court of Oklahoma directed that this case, originally filed in that State, be dismissed on forum non conveniens grounds. (Atchison, Topeka & Santa Fe Railway Co. v. District Court, 298 P.2d (Okla.) 32.) In its opinion that court said: "With the possible exception of the factor of the plaintiff administrator's residence within this state, the case is a prime example of the type of case to which the doctrine of forum non conveniens *530 should be applied. The decedent was a resident of the State of New Mexico. The wreck in which he lost his life occurred in the State of New Mexico. The surviving widow and children for whose benefit the action is brought reside in New Mexico. Every known witness to possibly be called upon to testify in the case resides in New Mexico."
By a curious inversion the trial judge decided that because the action could not properly be maintained in Oklahoma, Illinois therefore became an appropriate forum. After the excerpt set forth above, his opinion continues:
"Now what do we have in this Santa Fe case? Apparently the plaintiff did not see fit or did not want, whatever the reason may be, to exercise a right to sue in the State of New Mexico. Suit was filed in Oklahoma, which was about as close to New Mexico as you could get, so far as a forum is concerned. Under the statute she had that right, but for some reason the Oklahoma courts saw fit not to take jurisdiction of that.
"Now if every other state through which the Santa Fe does business  if every other state would take the same attitude, then the plaintiff would be required to go into the State of New Mexico, and the choice given to her under the Act would go out the window."
Again the ruling rests upon the assumed right of the plaintiff in an F.E.L.A. case to make a choice of a forum that is binding upon the court that he chooses. No such right exists. And certainly the refusal of the Oklahoma courts to entertain this case does not make Illinois an appropriate forum.
These are unmistakably the grounds upon which the trial judge acted. Not only are they the reasons stated in his opinion; they are the grounds stated in his brief in this court. He says:
"The order below denying the motion to dismiss resulted from the exercise of this respondent's discretion that:
"a. Congress have the plaintiff his choice of forum.
*531 "b. Defendant company (petitioner) succeeded in having plaintiff's action in this matter dismissed in Oklahoma, on the ground of forum non conveniens. To grant the motion here would, in effect (the claim arose July 5, 1955), give the defendant company the choice of forum, contrary to the provisions of the Act.
"c. On a balance of equities between the plaintiff's statutory right to choose his forum, and the inconvenience to defendant brought about by its own act, this respondent allowed the plaintiff to remain in the Circuit Court of Cook County."
The only connection that this case has with Illinois is that defendant railroad does business here. That fact is not of significance in determining a motion forum non conveniens because such a motion assumes that the court has jurisdiction over the defendant. The contention of the plaintiff that he should be allowed to import this case into Illinois rests in part, as the trial judge put it, upon the fact that his attorney "who has apparently heretofore been the subject of certain litigation in the State of New Mexico, shouldn't be required to go into New Mexico, because to do so would require him to answer the charges apparently now pending against him in the State of New Mexico, and that this court should not require him to do so." The trial judge did not rest his decision upon this "most peculiar argument," but said, "In fact, I am rather shocked that it would be urged."
Other irrelevant arguments were pressed upon the trial judge, but he properly rejected them and they need not be considered here. It is apparent, however, that because of the legal misconceptions that have been discussed he failed completely to exercise his discretion with respect to the issues upon which his decision should have turned. He concedes in this court that "the defendant does have `great inconvenience' and may be `unduly burdened.'" It was his duty, then, to examine the record for factors related to *532 the parties or to the proof that would make it appropriate to impose on the defendant, and upon the heavily overburdened courts of Cook County, the trial of this case. Unless he found such factors, the motion should have been granted.
Mr. CHIEF JUSTICE DAVIS joins in the foregoing dissenting opinion.