National Fire Insurance Company of Hartford, a Corporation, Royal Insurance Company, Ltd., a Corporation, The Mercantile Insurance Company of America, a Corporation, The Travelers Indemnity Company, a Corporation, and Reliance Insurance Company, a Corporation, Plaintiffs-Appellants, v. The Municipal Court of Chicago and Felix M. Buoscio, Defendants-Appellees.

Gen. No. 48,038.

First District, First Division.

January 16, 1961.

Clausen, Hirsh, Miller & Gorman, of Chicago (Jerome H. Torshen, of counsel) for appellants.

Lester Jankowski, of Chicago, for appellees.

MR. JUSTICE BURMAN delivered the opinion of the court.

Plaintiffs, insurers, petitioned the Superior Court of Cook County for a writ of mandamus and a writ of prohibition directing defendants to expunge an order

of partial summary judgment entered by Judge Buoscio in an action in Municipal Court, and to prohibit further proceedings in that action until the order is expunged. A motion to strike and dismiss this petition was sustained, and plaintiffs have appealed.

M. R. Mamlook sued the insurers in the Municipal Court of Chicago to recover property damage loss in the sum of $4,500.84, which he alleged was sustained by reason of a fire in his ready-to-wear store at 921 East 47th Street, Chicago, Illinois. This claim was based on fire insurance policies issued to him by each of the insurers in the total amount of $10,000.00. Insurers filed their answer admitting the issuance of the policies and the damage to Mamlook's property. As an affirmative defense insurers alleged specifically that Mamlook violated policy provisions by falsely asserting in his signed proof of loss statement that the origin of the fire was a careless disposal of a cigarette, when actually Mamlook knew the fire was incendiary. Further, that Mamlook stated his loss was $4,500.84 when, in fact, it was not more than $2,500.00; that these statements were made by Mamlook with intent to cheat and defraud the insurers, and therefore he was barred from any recovery by the terms of this policy.

Mamlook moved for summary judgment based on his verified motion asserting that insurers did not claim he caused the fire to be set; that the daily fire report of the Chicago Fire Patrol which responded to the fire shows the origin as "cigarette"; that insurers were not misled by his statement that the origin of the fire was "careless disposal of cigarette;" that insurers did not claim that Mamlook or his adjuster made wilful and material misrepresentations in the proofs of loss with the intent to deceive and defraud them; that mere over-valuation does not defeat recovery; that the proofs of loss were prepared by a public adjuster whom he employed. Mamlook asked that judgment be entered for $4,500.84 or, in the alternative, for $2,500 as

admitted by insurers and the balance determined later. Insurers' verified motion to strike the motion for a summary judgment was based chiefly on the grounds that questions of fact remained regarding their allegation of fraud.

Judge Buoscio denied the motion to strike and entered an interlocutory partial summary judgment against insurers on the issue of liability, continuing the cause for hearing on the question of damages. Insurers' motion in Municipal Court to expunge this order was denied.

Insurers then filed this petition for a writ of mandamus and prohibition to expunge the Municipal Court order. The Superior Court trial judge, in dismissing the mandamus petition, found that the Municipal Court had jurisdiction of the parties and the motion for partial summary judgment was properly before that court.

The sole question before us is whether the Superior Court erred in refusing to grant mandamus to expunge an interlocutory order of partial summary judgment claimed to be void because genuine issues of material fact still existed. Rule 1, Section 57, of the Civil Practice Rules of the Municipal Court of Chicago, provides in part:

> "(3) Procedure. . . . The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages."

Plaintiffs do not contend that the Municipal Court did not have jurisdiction of the parties and the subject

matter. They argue that the Court had no power to enter an order for summary judgment except in accordance with the Municipal Court Rules, and that an order entered when genuine issues of material fact still exist is beyond the Court's power and therefore void and subject to collateral attack by mandamus. They state that it is necessary to use mandamus in this situation to secure order and regularity in the Municipal Court proceedings, and that they have no other applicable or adequate legal remedy since the order is interlocutory and not presently appealable.

 Mandamus is a drastic, extraordinary common law writ, sometimes called "the highest judicial writ known to the law." People ex rel. Dolan v. Dusher, 411 Ill. 535, 104 N.E.2d 775. It is discretionary and not a matter of right; a plaintiff must establish a clear legal right to it, and it will not be used as a substitute for an appeal or to correct judicial error. People ex rel. Adamowski v. Dougherty, 19 Ill.2d 393, 167 N.E.2d 181; People ex rel. Hoagland v. Streeper, 12 Ill.2d 204, 145 N.E.2d 625. It is used to compel the performance of a ministerial duty; thus it can be used to compel the performance of a judicial duty if it is ministerial, but not if it involves the exercise of judicial discretion by a judge. People ex rel. Atchison, T. and S. F. Ry. Co. v. Clark, 12 Ill.2d 515, 147 N.E.2d 89.

 In passing on a motion for summary judgment, it is left to the trial court to decide whether a genuine issue as to any material fact exists. This is not a ministerial act; it calls for an exercise of the court's judgment. The judgment as exercised is subject to review by the usual means of appeal. "It is not the office of the writ of mandamus to review the orders, judgments or decrees of courts for error in their rendition or to correct, direct or control the action of a judge in any matter which he has jurisdiction to decide. For mere error, however gross or manifest, the remedy is

an appeal or writ of error, and the writ of mandamus will not lie for its correction if the court has jurisdiction of the subject matter and the parties." People ex rel. Barrett v. Shurtleff, 353 Ill. 248, 187 N. E. 271. Mandamus cannot be used to control judicial discretion involving a decision of fact. People ex rel. Wonogas v. Homes, 312 Ill. 284, 143 N. E. 835.

■ The insurers argue that jurisdiction in a particular case consists not only of the power of the court to hear and determine a particular question, but also its power to render the particular judgment entered. A review of the cases cited on that point reveal that they have no application here. In the instant case we are asked to control judicial discretion by mandamus. The mere fact that a trial court may or does decide in error a question presented, which we do not pass upon, does not deprive it of jurisdiction. Jurisdiction includes the power to decide a case erroneously as well as correctly.

■■ The ruling in the Mamlook action was a judicial act and as such constituted an exercise of the court's discretion. People ex rel. Atchison, T. and S. F. Ry. Co. v. Clark, 12 Ill.2d 515, 147 N.E.2d 89. Where the acts and duties necessarily call for the exercise of judgment on the part of the trial judge, mandamus will not lie to direct how such judgment shall be exercised. Insurers can adequately protect their rights through the normal process of appeal after final judgment has been entered. We cannot say that the Superior Court abused its discretion in refusing to issue the writs of mandamus and prohibition.

For the reasons stated above, the decision of the Superior Court is affirmed.

Affirmed.

KILEY, P. J. and MURPHY, J., concur.