(No. 54217 )

## CHICAGO AND NORTH WESTERN TRANSPORTATION COMPANY, Petitioner, v. A. A. MATOESIAN, Judge, *et al.,* Respondents.

*Opinion filed June 26, 1981.—Rehearing denied October 19, 1981.*

James P. Daley and Ronald J. Cuchna, of Chicago, for petitioner.

John T. Pierce, Jr., of Paul L. Pratt, P.C., of East Alton, for respondents.

Baker & McKenzie, of Chicago (Francis D. Morrissey

and Paul B. O'Flaherty, Jr., of counsel), for *amici curiae* Atchison, Topeka & Santa Fe Railway Co. *et al.*

MR. JUSTICE CLARK delivered the opinion of the court:

This is an original proceeding for a writ of *mandamus* (73 Ill. 2d R. 381) requesting this court to direct the respondent judge A. A. Matoesian, of the circuit court of Madison County, to vacate his order of August 25, 1980, denying the petitioner Chicago and North Western Transportation Company's motion to dismiss an action brought under the Federal Employers' Liability Act (45 U.S.C. sec. 51 *et seq.* (1976)) (FELA).

Respondent Jeffrey S. Reddick allegedly was injured on December 20, 1979, while employed at petitioner's railroad car shop in Clinton, Iowa. Most of the witnesses likely to be called to testify reside in or near Clinton. Reddick filed suit under the FELA on May 21, 1980, and the case was assigned to the respondent judge. On July 7, 1980, the petitioner filed a motion to dismiss the plaintiff's complaint based on the doctrine of *forum non conveniens.* The motion was supported by an affidavit sworn to by John H. Caster, an assistant vice-president of petitioner, which averred facts concerning the inconvenience of maintaining the action in Madison County. Memoranda were filed in support of the motion.

The plaintiff-respondent filed a memorandum in opposition to the motion to dismiss. The plaintiff has subsequently filed an affidavit with the circuit court asserting that he is now a resident of Fulton County, Illinois.

The petitioner, a Delaware corporation, is licensed to conduct business in Illinois. It has its executive offices in Chicago and owns property and conducts business in numerous Illinois counties, including Madison County. The circuit court of Madison County has subject matter

jurisdiction over the parties, and venue is proper in Madison County.

The petitioner contends that the circuit court of Madison County should have declined to exercise its jurisdiction and, based upon the relative inconvenience to the petitioner in maintaining the action in Madison County, should have dismissed the plaintiff's complaint.

The respondents argue, as the plaintiff did in the trial court, that the State does not have the equitable power to decline jurisdiction under the doctrine of *forum non conveniens* since the plaintiff has a substantial right in choosing his forum which cannot be overridden by the inconvenience it causes the defendant. The plaintiff cites section 6 of the FELA (45 U.S.C. sec. 56 (1976)) and *Pope v. Atlantic Coast Line R.R. Co.* (1953), 345 U.S. 379, 97 L. Ed. 1094, 73 S. Ct. 749, to support his thesis.

The respondents also argue that the petitioner does not have a right to defeat the plaintiff's "substantial right" to choose his own forum for the trial of his cause of action.

Finally, respondents argue that the trial court did not abuse its discretion herein in denying petitioner's motion to dismiss. Respondents then argue that *mandamus* is not an appropriate remedy in this case because the trial judge's decision to deny the motion to dismiss is an exercise of his discretion which is not a proper subject of review by *mandamus*.

We need not reach the substantive arguments in this matter since we think that *mandamus* is inappropriate in this case. *Mandamus* will not lie to correct mere judicial errors (*Horn v. Rincker* (1981), 84 Ill. 2d 139, 148; *Baltimore & Ohio R.R. Co. v. Mosele* (1977), 67 Ill. 2d 321, 334), nor will it lie to direct the manner in which a judge is to exercise his discretion (*People ex rel. Chesapeake & Ohio Ry. Co. v. Donovan* (1964), 30 Ill. 2d 178, 180; *People ex rel. Atchison, Topeka & Santa Fe*

*Ry. Co. v. Clark* (1957), 12 Ill. 2d 515). *Clark* was an FELA action brought in Cook County by the administrator of the estate of a deceased employee, a brakeman, who was killed in a head-on collision between two trains in New Mexico. The decedent had resided with his wife and seven children in New Mexico. The administrator resided in Oklahoma. The defendant railroad owned property and operated its business in various States, including Illinois, New Mexico, and Oklahoma. The defendant railroad filed a motion to dismiss the Illinois lawsuit on the ground of *forum non conveniens*. The trial judge denied the motion on the ground that the plaintiff's right to choose his forum under section 6 of the FELA is a substantial right which should not be taken away by the courts, "at least unless there is more of a showing than is contained [here]." This court held:

> "[A] motion to dismiss based on *forum non conveniens* raises an issue which necessitates an exercise of discretion by the trial judge in ruling thereon. Such discretionary action of a trial judge cannot be reviewed or controlled by *mandamus* unless the judge refused to exercise his discretion at all ***." (*People ex rel. Atchison, Topeka & Santa Fe Ry. Co. v. Clark* (1957), 12 Ill. 2d 515, 520.)

Accordingly the writ of *mandamus* was denied.

The petitioner and *amici curiae* refer us to *People ex rel. Chesapeake & Ohio Ry. Co. v. Donovan* (1964), 30 Ill. 2d 178, wherein it is stated:

> "While *mandamus* will not lie to direct the manner in which a judge is to exercise his discretion, (*People ex rel. Dolan v. Dusher,* 411 Ill. 535) it is available to compel the exercise of discretion. (*People ex rel. Atchison, Topeka and Santa Fe Railway Co. v. Clark,* 12 Ill. 2d 515.) Judicial discretion is to be exercised 'within the scope of

the law,' (*Whitney v. Madden,* 400 Ill. 185, 190,) and where the exercise of discretion has been frustrated by the application of an erroneous rule of law, this court has intervened by *mandamus* to compel the exercise of discretion in a manner 'consistent with the law.' *People ex rel. Barnes v. Chytraus,* 228 Ill. 194, 200." 30 Ill. 2d 178, 180-81.

The trial judge in *Donovan* had denied the defendant railroad's motion to dismiss an FELA action based on *forum non conveniens* because the trial judge believed that such a motion is appropriate "only when it is shown that the defendant's choice of forum was motivated by an actual intent to harass or vex the defendant." (30 Ill. 2d 178, 180.) This court thereupon disavowed any language in a prior decision (*Cotton v. Louisville & Nashville R.R. Co.* (1958), 14 Ill. 2d 144, 160) which might have encouraged such a narrow standard for deciding *forum non conveniens* questions. The court then issued a writ of *mandamus* directing the trial judge to vacate the order delaying the defendant railroad's motion in light of the applicable standards governing *forum non conveniens* contained in *Whitney v. Madden* (1948), 400 Ill. 185, *cert. denied* (1948), 335 U.S. 828, 93 L. Ed. 382, 69 S. Ct. 55, and in other portions of the *Cotton* decision.

The petitioner contends that *mandamus* is appropriate in these premises because the trial judge must have "acted on the basis of erroneous law" or "gave undue weight to plaintiff's interest in choosing his forum to the exclusion of the other criteria he should have considered." The petitioner argues that if the trial judge had applied the proper legal criteria he would have allowed its motion to dismiss. Thus, the petitioner concludes, the trial judge did not exercise his discretion in a manner consistent with the law of this State and *mandamus* will lie to expunge the judge's order and to dismiss the plaintiff's complaint.

The record herein is not wholly clear as to the criteria the trial judge used in deciding to deny the motion to dismiss. Memoranda were submitted to the court by the parties, and oral arguments were heard by the court. The memoranda are contained in the record and set out quite well the criteria laid down by our prior cases concerning whether a motion to dismiss based on *forum non conveniens* should be allowed.

Moreover, the brief filed with this court on behalf of the respondent judge and the respondent plaintiff submits that "all the appropriate law was submitted to the trial court and the trial court considered all the appropriate criteria and used its discretion and came to the proper conclusion and did not abuse its discretion." While the foregoing statement is of course self-serving, it is at least an assertion by the trial judge that he considered the applicable legal criteria for deciding the motion. Petitioner has offered no basis for concluding otherwise, other than that, if the trial judge had considered the applicable criteria, he would have decided in its favor. That assertion hardly establishes a "clear right" (*Horn v. Rincker* (1981), 84 Ill. 2d 139, 148) to the extraordinary remedy of a writ of *mandamus*.

Additionally, we cannot assume the trial judge used inappropriate criteria in denying the motion, since the record is devoid of any indication to that effect. As far as can be ascertained on this short record, the trial judge considered the appropriate criteria and denied the motion to dismiss. Whether the judge erred in denying the motion, which constituted a discretionary act, is not a proper issue in a *mandamus* proceeding. *Mandamus* is not designed to be a substitute for an appeal. (*Lara v. Schneider* (1979), 75 Ill. 2d 63, 64.) A determination of the correctness of the trial judge's decision must await an appeal. See *People ex rel. Compagnie Nationale Air France v. Giliberto* (1978), 74 Ill. 2d 90, 116; *Fender v. St. Louis South-*

*western Ry. Co.* (1971), 49 Ill. 2d 1.

We of course do not intimate any view as to the merits of the parties' respective arguments. We hold only that, in this case, *mandamus* is not an appropriate remedy since it would issue to direct a judge to perform a discretionary act where there is no showing that the judge either (1) failed to exercise his discretion or (2) has frustrated the exercise of discretion by applying an erroneous rule of law. *People ex rel Chesapeake & Ohio Ry. Co. v. Donovan* (1964), 30 Ill. 2d 178, 180.

Accordingly, the writ of *mandamus* is denied.

*Writ denied.*