(No. 54710.–)

INTERNATIONAL HARVESTER COMPANY, Petitioner, v. RICHARD P. GOLDENHERSH, Judge, *et al.,* Respondents.

*Opinion filed September 30, 1981.*

Philip W. Tone and Robert T. Markowski, of Jenner & Block, and Seymour W. Croft, of Chicago, and Aubrey M. Daniel III and William E. McDaniels, of Williams & Connolly, of Washington, D.C., for petitioner.

Cook, Shevlin & Keefe, Ltd., of East St. Louis (Bruce N. Cook, of counsel), and Wiggins, Christian & Garner, of Fort Smith, Arkansas (Eddie N. Christian, of counsel), for respondents.

MR. JUSTICE MORAN delivered the opinion of the court:

This is an original action seeking the issuance of a writ of *mandamus*. In the alternative, petitioner requests that this court exercise its administrative and supervisory authority to obtain the relief sought.

Petitioner, International Harvester Company, is the defendant in six cases pending in St. Clair County. Two of the cases are consolidated and form the basis of the petition before us. In each of the two cases, petitioner had moved to dismiss the action on the grounds of *forum non conveniens* and had requested a change of venue. The trial judge, Richard P. Goldenhersh, one of the respondents herein, denied the motions. Petitioner then moved that the court certify the question for interlocutory review under Supreme Court Rule 308 (73 Ill. 2d R. 308). Before these motions were ruled on, petitioner withdrew each and, in its stead, filed this original action.

The issue to be determined is the availability of *mandamus* or the exercise of this court's supervisory authority to correct alleged errors cited by petitioner. It is petitioner's position that the respondent judge erred when he refused to dismiss the pending actions on the basis of *forum non conveniens* and refused to grant petitioner a change of venue.

The two cases, Cameron v. International Harvester Co., No. 80—L—475, and Holtz v. International Harvester Co., No. 79—L—1017, arose from gasoline fires in farm tractors designed, manufactured and sold by petitioner. The Cameron accident occurred near Paris, Arkansas, and the Holtz accident occurred in Monroe County, Michigan. At the time, the injured plaintiffs resided in the respective vicinities of the accidents. Petitioner is a Delaware corporation authorized to do business in Illinois. Its registered office and headquarters are located in Chicago. Petitioner also has plants or other facilities in Du Page, Rock Island, Lake, Fulton, Peoria and Sangamon counties. The tractors involved in the two actions were designed and manufactured in Illinois. Plaintiffs in both cases allege defective design.

Petitioner argues that Illinois is not an appropriate forum for these cases in that, except for evidence bearing upon the design and manufacture of the tractors, virtually all of the evidence will come from Arkansas and Michigan. All occurrence witnesses reside in those States. Witnesses regarding the maintenance and history of the tractors involved in the accident, as well as the majority of witnesses regarding each plaintiff's medical condition and medical care, will be residents of Arkansas and Michigan. The petitioner argues that the necessity of compulsory process to secure such witnesses is strong support for its position that the cases must be brought in the State where each accident took place. Petitioner points out that the evidence relating to the design and manufacture of the tractors consists mainly of documentary evidence which could easily be transported to the States where the accidents occurred. The respondent plaintiffs, on the other hand, list in their brief an extensive number of Illinois residents whom they intend to call as witnesses and claim that 95% of the evidence will relate to the design and manufacture of the tractors and will be from Illinois. Such witnesses include present and former International Harvester employees,

engineers, residents of Illinois who have experienced similar occurrences, and persons involved with safety tests on the tractors in question.

The extraordinary remedy of *mandamus* is only issued by this court in its sound discretion and is not a device to be employed to correct judicial errors. (*Baltimore & Ohio R.R. Co. v. Mosele* (1977), 67 Ill. 2d 321, 334.) *Mandamus* is properly employed to direct the performance of an official duty which is ministerial. It cannot be used to direct the exercise of discretion or judgment. (*Chicago & North Western Transportation Co. v. Matoesian* (1981), 85 Ill. 2d 404, 406; *People ex rel. Ward v. Salter* (1963), 28 Ill. 2d 612, 615-16; *People ex rel. Norwegian-American Hospital, Inc. v. Sandusky* (1961), 21 Ill. 2d 296, 299; *People ex rel. Atchison, Topeka & Santa Fe Ry. Co. v. Clark* (1957), 12 Ill. 2d 515, 520; *People ex rel. Dolan v. Dusher* (1952), 411 Ill. 535, 538.) "Where an officer, in the exercise of a discretionary power, has considered and determined what his course of action is to be, he has exercised his discretion, and his action is not subject to review or control by *mandamus." People ex rel. Atchison, Topeka & Santa Fe Ry. Co. v. Clark* (1957), 12 Ill. 2d 515, 521.

The trial judge, in each of the cases here, weighed the facts presented by the parties as they related to the question of *forum non conveniens* and determined that under the circumstances of each case dismissal was not appropriate. This action was an exercise of discretion which cannot be reviewed by a writ of *mandamus*. Nor will it lie to correct mere judicial error. *Chicago v. North Western Transportation Co. v. Matoesian* (1981), 85 Ill. 2d 404, 406.

Petitioner, however, relies on *People ex rel. Chesapeake & Ohio Ry. Co. v. Donovan* (1964), 30 Ill. 2d 178, 180, for the contention that *mandamus* "is available to compel the exercise of discretion" in the context of *forum non conveniens.* In *Donovan,* a circuit court judge denied a motion to dismiss a complaint, holding that the doctrine of *forum*

*non conveniens,* upon which the motion was based, was inapplicable. This court, after concluding that the judge applied a clearly erroneous rule of law, awarded a writ of *mandamus* requiring the judge to exercise his discretion in light of the applicable legal standards. The court did not, however, direct the judge as to the manner in which to exercise that discretion. The writ simply ordered the judge to exercise his discretion in conformance with the correct rule of law. (30 Ill. 2d 178, 180-81.) We therefore find *Donovan* not to be supportive of petitioner's claim.

Moreover, the court in *Donovan* relied on *People ex rel. Atchison, Topeka & Santa Fe Ry. Co. v. Clark* (1957), 12 Ill. 2d 515. There, the trial judge denied a motion to dismiss the case, holding the doctrine of *forum non conveniens* inapplicable. Movants sought a writ of *mandamus,* arguing that the judge failed to exercise his discretion. This court, after engaging in detailed analysis of exercise versus nonexercise of discretion, concluded that *mandamus* was inappropriate in the area of the discretionary action of a trial judge "unless the judge refused to exercise his discretion at all." *(People ex rel. Atchison, Topeka & Santa Fe Ry. Co. v. Clark* (1957), 12 Ill. 2d 515, 520; see *Chicago & North Western Transportation Co. v. Matoesian* (1981), 85 Ill. 2d 404, 407; *South Chicago Community Hospital v. Industrial Com.* (1969), 44 Ill. 2d 119, 122; *People ex rel. Iasello v. McKinlay* (1951), 409 Ill. 120, 124.) In the present case, the trial judge did not refuse to exercise his discretion. Petitioner seeks by this action to review the correctness of the trial judge's exercise of discretion in ruling on its motion to dismiss under the doctrine of *forum non conveniens.* Such exercise of discretion cannot be reviewed by a writ of *mandamus.*

The correctness of the trial judge's decision on the *forum non conveniens* motions may be tested by appeal. Petitioner correctly proceeded when it sought an interlocutory appeal under Supreme Court Rule 308. Petitioner did

not, however, await a ruling on these motions but sought to circumvent the normal appellate process by withdrawing these motions and seeking instead a writ of *mandamus.* *Mandamus* may not be so used. *People ex rel. Sears v. Romiti* (1971), 50 Ill. 2d 51, 54.

We also find *mandamus* to be unavailable to test the correctness of the trial judge's refusal to grant petitioner's motions for change of venue.

Petitioner contends that it does not have a corporate residence in St. Clair County as required for proper venue in that its activities in such county do not establish it is "doing business" there. Ill. Rev. Stat. 1979, ch. 110, par. 6.

Five independent retail dealers which sell petitioner's products are located in St. Clair County. Petitioner reimburses the dealers for half of their advertising expenses. Various sales representatives, who are employees of petitioner, regularly visit the dealers to provide a wide range of assistance and service. Two of the dealers lease computer terminals from petitioner which link them to petitioner's warehouse for automatic inventory control and reorder of spare parts. Petitioner contends that these activities are, at most, merely incidental to the solicitation of business and do not establish "residence" in St. Clair County for venue purposes.

The respondent plaintiffs argue that the petitioner actively participates in its dealers' operations in St. Clair County. Dealer contracts, which are entered into with petitioner annually in St. Clair County, give petitioner the right to review dealer performance. Dealers are required to honor warranties on petitioner's products, and services performed by the dealers under such warranties are reimbursed by petitioner. Each dealer sells petitioner's spare parts, which are delivered regularly by petitioner in St. Clair County. The respondent plaintiffs contend that the activities of petitioner are clearly sufficient to establish that it is "doing

business" in the county, thereby subjecting it to venue there.

Petitioner relies on *Baltimore & Ohio R.R. Co. v. Mosele* (1977), 67 Ill. 2d 321, and *St. Louis-San Francisco Ry. Co. v. Gitchoff* (1977), 68 Ill. 2d 38, for its contention that *mandamus* will lie to correct venue. In *Mosele,* the B&O Railroad, a foreign corporation authorized to do business in Illinois, was sued in Madison County. As in the present case, venue could be laid in that county only if the railroad was "doing business" there. The railroad moved for a change of venue contending that it was not "doing business" in Madison County. The motion was denied, whereupon a writ of *mandamus* was sought. Three grounds were asserted by the respondent as a basis for finding that the B&O was "doing business" in Madison County: (1) B&O's occasional operation of trains in the county; (2) B&O's use of the Madison County interchange and terminal facilities of the Terminal Railroad Association, a corporation in which B&O had a 6.25% equity interest; and (3) B&O's solicitation of business from Madison County shipping customers. The court ruled:

> "In light of the clear absence of facts sufficient to support venue in Madison County, and *cognizant of the large number of similar cases pending in Madison County against the petitioner,* we determine that a writ of *mandamus* should issue." (Emphasis added.) (*Baltimore & Ohio R.R. Co. v. Mosele* (1977), 67 Ill. 2d 321, 334.)

However, this court allowed *mandamus* to be employed under the circumstances in *Mosele* because "Petitioner, the Baltimore and Ohio Railroad Company (hereinafter referred to as B&O) is the named defendant in 32 cases now pending in Madison County." (67 Ill. 2d 321, 324.) *In the interest of judicial economy,* the court chose to resolve the venue question which was involved in the majority of those 32 cases. Leave to file the petition for writ of *mandamus* in *Gitchoff* was granted based on the fact that *Mosele* was pending, and the cases involved "similar issues in a like

context." (*St. Louis-San Francisco Ry. Co. v. Gitchoff* (1977), 68 Ill. 2d 38, 40.) However, in *Gitchoff* the issuance of the writ was denied. The fact that the court in its discretion reviewed the claims presented in these two cases by *mandamus* does not change the general principles underlying that remedy.

In the present case, the trial judge reviewed the facts presented by each party in support of or in opposition to venue in St. Clair County. In reviewing these facts he made a judgment and found them to be sufficient to constitute "doing business" under the venue statute. We emphasize that this is not a case where a petitioner's right to a change of venue under the statute is clear and where the only act left to be performed is ministerial, that is, ordering the transfer of the case to a proper county. Rather, in the present case, the court must determine if the facts establish that the petitioner is "doing business" in the county. A review of the correctness of such a determination may be had by the normal process of appeal. We note that petitioner originally attempted to obtain an interlocutory review of the trial judge's orders but unfortunately abandoned such in favor of filing this original action. *Mandamus* may not be used as a substitute for appeal (*People ex rel. Atchison, Topeka & Santa Fe Ry. Co. v. Clark* (1957), 12 Ill. 2d 515, 523), nor can it be used to circumvent the normal appellate process (*People ex rel. Sears v. Romiti* (1971), 50 Ill. 2d 51, 54). This court has under consideration, however, an amendment to our rules that would permit a party to seek review of a denial of a motion to dismiss on grounds of *forum non conveniens*.

For the reasons stated, the issuance of the requested writ of *mandamus* is denied.

*Writ denied.*

MR. CHIEF JUSTICE GOLDENHERSH took no part in the consideration or decision of this case.