BRADLEY A. BATKA, Plaintiff-Appellant, v. THE BOARD OF TRUSTEES OF THE VILLAGE OF ORLAND PARK POLICE PENSION FUND et al., Defendants-Appellees.

First District (6th Division)   No. 1—91—0630

Opinion filed March 20, 1992.

Cullen, Haskins, Nicholson & Menchetti, P.C., of Chicago, for appellant.

Puchalski, Keenan & Reimer, of Chicago (Richard J. Reimer, of counsel), for appellees.

JUSTICE RAKOWSKI delivered the opinion of the court:

This appeal arises from a petition for *mandamus* filed by the plaintiff pursuant to section 14—101 of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 14—101 *et seq.*). The relief requested by plain-

tiff's petition was that the circuit court require defendants to issue a written decision either granting or denying plaintiff's request for retroactive disability benefits dating back to September 20, 1984. Defendants filed a motion for summary judgment which the circuit court granted based on its determination that there was no legal basis to require defendants to issue a written decision. Plaintiff then filed a timely motion for reconsideration which was also denied. The issue on appeal is whether the circuit court erred in denying plaintiff's petition for *mandamus* and ruling that defendants were not required to issue a written decision. Because our decision hinges upon the rather lengthy procedural history of this case, a review is necessary.

On September 20, 1984, plaintiff, a police officer, applied for disability benefits with the Board of Trustees of the Village of Orland Park Police Pension Fund (Board or defendants) seeking "line of duty" or, in the alternative, "not on duty" disability benefits pursuant to sections 3—114.1 and 3—114.2 of the Illinois Pension Code (Pension Code) (Ill. Rev. Stat. 1983, ch. 108½, pars. 3—114.1, 3—114.2). In October 1986, after several hearings, both requests for benefits were denied. Plaintiff then filed a complaint for administrative review, and on May 15, 1987, the circuit court reversed the Board's decision and remanded the case for further proceedings. On remand, the Board reaffirmed its prior decision, and on March 29, 1988, the circuit court affirmed the Board's denial of plaintiff's application for benefits. Plaintiff then filed a timely notice of appeal, and on July 21, 1989, the appellate court affirmed the decision of the Board and the circuit court denying line-of-duty benefits but held that plaintiff was eligible for not-on-duty disability benefits. The appellate court then ordered the Board to award plaintiff the applicable not-on-duty pension benefits. See *Batka v. Board of Trustees of Village of Orland Park Police Pension Fund* (1989), 186 Ill. App. 3d 715, 542 N.E.2d 835 (*Batka I*).

The Board did not issue any written decision as to the amount of benefits or the effective date of payment but began paying benefits effective as of July 21, 1989, the date of the appellate court decision. On January 16, 1990, plaintiff filed a motion with the circuit court for the "Entry of Order Consistent With Decision Of Appellate Court" requesting that the Board be required to pay the benefits at issue retrospectively from September 20, 1984, which was the date of his application before the Board for disability benefits. Circuit Court Judge Thomas O'Brien concluded that the court did not have jurisdiction to rule on plaintiff's motion because the matter before the appellate court had not been remanded to the circuit court, and because there was no final order of the Board which could be reviewed. In his brief, plaintiff stated that

after his motion was stricken, counsel for the Board indicated in conversations and correspondence with plaintiff's counsel that the Board would issue a written order denying plaintiff's request for retroactive benefits. The record also contains a letter prepared by plaintiff's counsel confirming a telephone conversation with the attorney for the Board (not the attorney who represented the Board in this matter) which stated in part:

> "This will confirm our telephone conversation of May 21st wherein you advised that the Board instructed you to prepare an order denying Officer Batka's claim for retroactive pension benefits from the date of application through the date of Appellate Court decision. As you advised, you will prepare this order and it will be effective the date that it is signed by the trustees."

However, no written decision was forthcoming, and on August 9, 1990, plaintiff filed a petition for *mandamus* requesting that the Board be required to issue a written decision either granting or denying his request for retroactive disability benefits. The Board filed its answer to plaintiff's petition and moved for summary judgment. A cross-motion for summary judgment was then filed by plaintiff. The circuit court judge granted defendants' motion for summary judgment, concluding that there was no basis for ordering the Board to issue a written decision.

■■ ■ Plaintiff contends that the circuit court erred in denying his petition for *mandamus* because he has a right to be issued a written decision by defendants, and he is unable to exercise his right to administrative review without it. Plaintiff cites *People ex rel. Atchison, Topeka & Santa Fe Ry. Co. v. Clark* (1957), 12 Ill. 2d 515, 519, 147 N.E.2d 89, for the principle that *mandamus* will lie to compel the performance of a ministerial act where an applicant has a legal right to its performance and can prove that a defendant has a legal obligation to act. Based on this principle, plaintiff argues that as an applicant for disability benefits, he has a legal right to performance by the Board, and the Board has a legal obligation to administer pension funds and to designate its beneficiaries. As part of this legal obligation, the Board is required to "order the payment of pensions and other benefits and *to issue certificates signed by its president and secretary* to the beneficiaries stating the amount and purpose of the payment." (Emphasis added.) (Ill. Rev. Stat. 1989, ch. 108½, par. 3—133.) The Pension Code also provides:

> "The provisions of the Administrative Review Law *** shall apply to and govern all proceedings for the judicial review of final administrative decisions of the retirement board ***. The term 'administrative decision' is as defined in Section 3—101 of the

Code of Civil Procedure." (Ill. Rev. Stat. 1989, ch. 108½, par. 3—148.)

Section 3—101 of the Code of Civil Procedure states in relevant part that an administrative decision is "any decision, order or determination of any administrative agency rendered in a particular case, which affects the legal rights, duties or privileges of parties and which terminates the proceedings before the administrative agency." (Ill. Rev. Stat. 1989, ch. 110, par. 3—101.) There is no question that the Board's action, in response to *Batka I*, of paying plaintiff disability benefits effective as of July 1989, rather than September 1984, had an effect on plaintiff's rights and privileges under the Pension Code and is therefore a decision. However, in failing to commit this decision to writing, the Board failed to comply with section 3—133 of the Code.

▪ In addition, section 3—103 of the Code of Civil Procedure requires:

"Every action to review a final administrative decision shall be commenced by the filing of a complaint and the issuance of a summons within 35 days from the date that *a copy of the decision sought to be reviewed was served upon the party affected thereby.* The method of service of the decision shall be as provided in the Act governing the procedure before the administrative agency, but if no method is provided, a decision shall be deemed to have been served either when personally delivered or when deposited in the United States mail, in a sealed envelope or package, with postage prepaid, addressed to the party thereby at his or her last known residence or place of business." (Emphasis added.) (Ill. Rev. Stat. 1989, ch. 110, par. 3—103.)

Thus, without a final written decision from defendants, plaintiff is precluded from administrative review of the Board's failure to pay retroactive benefits.

▪ Although the Board claims that it complied with *Batka I* when it began paying plaintiff benefits effective as of July 21, 1989, we disagree. While it is true that the Board did provide payments to the plaintiff following *Batka I*, plaintiff never received any decision regarding his request for retroactive benefits. Further, even if one was to reason that the Board's action of commencing benefits on July 21, 1989, was in fact a denial of benefits retroactive to September 20, 1984, plaintiff was precluded from administrative review when Judge O'Brien refused, and properly so, to entertain plaintiff's motion. At this point, plaintiff could either appeal Judge O'Brien's order or petition for *mandamus*. However, even if plaintiff had appealed Judge O'Brien's order, as defendant argues he should have done, and this court reversed, the case would

have been remanded to the circuit court to entertain plaintiff's motion. At this point, depending upon the trial court decision, either another appeal would ensue or the case would be remanded to the Board with instructions to prepare a written decision. If, on the other hand, this court affirmed Judge O'Brien's order (that the trial court did not have jurisdiction), plaintiff could still seek *mandamus*. In any event, plaintiff would not be any closer to a decision on the merits. This case is already eight years old, and depending upon the Board's action, a third appeal is not altogether out of the question. For this reason and because we are of the opinion that plaintiff should benefit from any increased pension during his lifetime, we cannot say that his decision not to appeal Judge O'Brien's order was improper. Accordingly, we reject defendant's theory that plaintiff's request for a written decision is barred by the doctrine of *res judicata*.

■ We also reject the argument that plaintiff waived any entitlement to retroactive benefits by his failure to request the same during *Batka I*. It must be remembered that *Batka I* dealt with whether plaintiff was entitled to any benefits at all, either line of duty or not on duty. (See Ill. Rev. Stat. 1987, ch. 108½, pars. 3—114.1, 3—114.2.) Having determined that plaintiff was entitled to not-on-duty benefits in *Batka I*, this court "order[ed] the Board to award Batka the applicable 'not-on-duty' pension benefits." (*Batka*, 186 Ill. App. 3d at 725.) Thus, both the amount of the benefit as well as when it was to commence were for the Board to determine.

■ Defendant's final argument is that plaintiff's petition for *mandamus* was improper in that plaintiff's sole remedy is administrative review. However, the purpose of plaintiff's petition was not to request review of any decision but to enlist the trial court's aid in requiring the Board to issue a written decision so that plaintiff could exercise his right to administrative review.

For the reasons set forth above, we conclude that the plaintiff has a legal right to a written decision by the Board indicating the amount and effective date of disability benefits awarded to him, and the Board has a legal obligation to provide plaintiff with its written decision.

Accordingly, the order of the circuit court is reversed and the cause is remanded for further proceedings consistent with this opinion.

Reversed.

EGAN, P.J., and McNAMARA, J., concur.