James H. Hooper, Appellant, *vs.* Bernard W. Snow *et al.* Appellees.

*Opinion filed June 22, 1927.*

1. Mandamus—*mandamus is a summary writ to compel performance of a specific official duty.* The writ of *mandamus* is a summary writ issuing from a court of competent jurisdiction commanding the officer to whom it is addressed to perform some specific duty which the petitioner is entitled of right to have performed and which the party owing the duty has failed to perform.

2. Same—*when party is not entitled to mandamus to compel issuance of bailiff's deed.* The petitioner for a writ of *mandamus* must show a clear and undoubted right to the relief demanded and that the party sought to be coerced was bound to act; and a purchaser at a sale on execution is not entitled to the writ to compel the issuance of a bailiff's deed, which the officer refuses to issue on the ground that redemption has been made by a judgment creditor, where the petition merely alleges that the redemption was not *bona fide* and that the judgment was upon a note which was without consideration, as the bailiff is not authorized to determine whether the note was without consideration where the judgment upon it is regular on its face.

Appeal from the Circuit Court of Cook county; the Hon. Oscar M. Torrison, Judge, presiding.

James H. Hooper, *pro se.*

Harry C. Moran, for appellees.

Mr. Chief Justice Heard delivered the opinion of the court:

Appellant, James H. Hooper, filed a petition in the circuit court of Cook county for a writ of *mandamus* to compel appellee Bernard W. Snow, as bailiff of the municipal court of Chicago, to issue to appellant a bailiff's deed for certain property, making Paul O'Donnell a co-defendant with Snow. A demurrer was sustained to the petition, and

appellant having elected to stand by his petition it was dismissed by the court, from which action he has appealed to this court.

The petition alleged, among other things, that on November 21, 1924, Sol Klein, a corporation, "recovered a judgment in the municipal court of Chicago for $118 against Rose McGrady; that shortly prior to March 4, 1925, Sol Klein sued out a writ of execution upon said judgment and placed the same in the hands of Bernard W. Snow, bailiff of the municipal court of Chicago, and caused a levy to be made under said execution upon said real estate, [describing it,] known as 6920 Aberdeen street, Chicago, Illinois, and caused said bailiff to duly advertise said property for sale under said execution, and said sale was advertised and the sale of said property was had on March 25, 1925, by the said bailiff, at which sale said petitioner, James H. Hooper, bid for all the right, title and interest of the said defendant, Rose McGrady, in said premises, $140, and the said bailiff thereupon issued to petitioner a certificate of sale therefor, which recites, among other things, that the purchaser will be entitled to a deed of said premises so sold, on the 26th day of June, 1926." The petition further alleged that no legal redemption had been made from the sale and that appellant had demanded of the bailiff that he issue a deed for said premises to appellant, but that the bailiff had refused to make said deed solely upon the ground that Paul O'Donnell, during the last three months of the redemption period, had redeemed the property as a judgment creditor. The petition also contained allegations tending to show the judgment note upon which O'Donnell's judgment was rendered was without consideration and given solely for the purpose of permitting O'Donnell to redeem the property from said judgment sale and that it represented no indebtedness.

The writ of *mandamus* is a summary writ issuing from a court of competent jurisdiction, commanding the officer

to whom it is addressed to perform some specific duty which relator is entitled, of right, to have performed and which the party owing the duty has failed to perform. (*Fergus* v. *Marks,* 321 Ill. 510.) *Mandamus* is an extraordinary remedy, and one petitioning for such writ must show a clear and undoubted right to the relief demanded. *People* v. *Chicago and Eastern Illinois Railroad Co.* 262 Ill. 492; *People* v. *City of Streator,* 258 id. 273; *People* v. *Brentano,* 259 id. 359; *People* v. *City of Chicago,* 280 id. 576.

Appellees point out many alleged grounds for demurrer, but it is only necessary to consider one of them. So far as it appears from the petition, O'Donnell's judgment was regular upon its face and the redemption made by the deposit of the amount for which the premises had been sold, together with the interest and costs. The bailiff of the municipal court of Chicago is not clothed with authority to exercise the judicial function of determining whether or not the judgment note upon which O'Donnell's judgment was rendered was without consideration and given solely for the purpose of permitting O'Donnell to redeem the property from the judgment sale, or to determine whether or not it represented a valid and existing indebtedness. The petition did not show that appellant had a clear and undeniable right to the relief sought and that the party sought to be coerced was bound to act, and the circuit court properly sustained the demurrer to the petition. *Hooper* v. *Snow,* 325 Ill. 53.

The judgment of the circuit court must therefore be affirmed.                                    *Judgment affirmed.*