(No. 20960.—

THE PEOPLE *ex rel.* F. T. Jacobi *et al.* Petitioners, *vs.* OSCAR NELSON, Auditor of Public Accounts, Respondent.

*Opinion filed October 23, 1931—Rehearing denied Dec. 8, 1931.*

J. F. EECK, and SIMON KELLERMAN, for petitioners.

OSCAR E. CARLSTROM, Attorney General, and DAVID J. KADYK, for respondent.

Mr. JUSTICE HEARD delivered the opinion of the court:

The relators, F. T. Jacobi and six others, by leave of this court first had and obtained, have filed their original petition in this court, in the name of the People of the State of Illinois, for a writ of *mandamus* to compel the respondent, Oscar Nelson, as Auditor of Public Accounts,

to issue to the relators a permit to organize a bank in accordance with their request in an application theretofore filed with the respondent by them.

In their petition the relators state that on November 28, 1930, by a written statement under their hands and seals, duly acknowledged before a notary public, they applied to Oscar Nelson, Auditor of Public Accounts, for permission to organize a bank or banking association under the general Banking act; that in the application they stated that the name of the bank should be Edwardsville State Bank; that the business of the bank should be carried on at No. 152 North Main street, city of Edwardsville, county of Madison, State of Illinois, a city of 9000 population; that the capital stock should be $100,000, with $10,000 surplus, the reserve for operating expenses $5000, the par value of each share $100; that each share of stock should be sold for $115, the number of shares 1000, and that the duration thereof should be ninety-nine years; that accompanying the application are statements, each made and acknowledged before a notary public, giving the net financial worth of each of the signers of the application, accompanied by at least three references as to the personal character of each individual named therein; that the statements made in the application and accompanying statements, and the affidavits in connection therewith, are true and that the relators are entitled to a permit to organize a bank; that upon the filing of the application and accompanying statements it became the duty of Nelson, as Auditor of Public Accounts, to investigate the truth of the statements contained therein and upon ascertaining the truth thereof to issue to the relators such permit; that the respondent has wholly failed and refused, and still refuses and neglects, to perform such duty, though often requested and demanded by the relators that a permit to organize a bank be issued to them.

The respondent filed his answer to the petition for *mandamus,* in which, among other things, he admitted that upon

the filing of the application and accompanying statements, and the affidavits in connection therewith, it became his duty to investigate the truth of the statements contained therein and upon ascertaining the truth thereof to issue to the relators a permit to organize a bank in accordance with the statutes of the State of Illinois, but that it is not true that he has wholly failed and refused, and still refuses and neglects, to perform such duty; that upon the filing of the application and accompanying statements and affidavits he immediately began to investigate the truth of the statements therein contained; that he has not completed his investigation of the truth and has not ascertained the truth of the statements therein contained; that he is making, and will continue to make, such investigation until it is completed in accordance with the provisions of the statute; that he cannot say that the statements made in the application, and accompanying statements in connection therewith, are true and that the relators are entitled to a permit to organize a bank until he has completed his investigation as to the truth thereof and has found such statements to be true and that the relators are entitled to a permit to organize a bank as described in the application. To this answer the relators filed their demurrer, which we are now asked to carry back to test the sufficiency of the petition in the case.

The provisions of the statute involved in this case are found in section 2 of the general Banking act, and provide that when any association of persons as hereinafter set forth desire to avail themselves of the provisions of this act they shall apply to the Auditor of Public Accounts for permission to organize, stating their place of business, giving street address, town and county of the same, the amount of capital and surplus, the amount for which each share in this proposed organization is to be sold and the name under which they desire to organize and the time for which such association shall continue, which statement shall be

under their hands and seals and acknowledged before some officer authorized by law to acknowledge deeds. The application shall be signed by at least the number of persons specified, and if the banking institution is to be located within a city, village or incorporated town the applicants shall all be residents of such municipality. If not within any such municipality, or if within a municipality of 10,000 inhabitants or less, five persons shall sign the application. Accompanying the application must be a statement made before some officer authorized by law to acknowledge deeds, giving the net financial worth of each of the members of this association of persons, and these financial statements shall be accompanied by at least three references as to personal character of each individual named therein. The Auditor shall examine the application and accompanying statement and shall investigate the truth of the statements contained therein, and if it appears that the statements therein and the affidavits in connection therewith are true and that the applicants are entitled to a permit to organize, the Auditor shall issue to them a permit to organize, but no permit shall be issued to any corporation by the same name as any other corporation then operating under the laws of this State or of any law of the United States, or by a name so similar to the name of any other corporation then operating under the laws of this State or of any law of the United States, as in the opinion of the Auditor of Public Accounts will create confusion. All associations formed under the act shall have their capital stock divided into shares of not less than ten dollars each nor more than one hundred dollars each.

Upon the filing of the relators' application and accompanying documents, even though all the statements therein contained were, in fact, true, the duty did not then devolve upon the respondent to issue the permit, but he did then owe a duty to the relators to investigate and determine the truth of the statements in such documents and whether the

relators were entitled to such permit. This was a duty the performance of which could be compelled by *mandamus* if he failed to perform it within a reasonable time. He also owed a duty to the people of the State of Illinois, whom he represented, to make the investigation thorough. Until such investigation by the Auditor had been completed and he had determined that the facts shown entitled the applicants to a permit, no duty devolved upon him to issue such permit.

The writ of *mandamus* is a summary writ issued from a court of competent jurisdiction commanding the officer to whom it is addressed to perform some specific duty which the relator is entitled of right to have performed and which the party owing the duty has failed to perform. (*Fergus* v. *Marks*, 321 Ill. 510.) It is an extraordinary remedy, and one petitioning for such writ must show a clear and undoubted right to the relief demanded. (*Hooper* v. *Snow*, 326 Ill. 142.) The petition in this case does not show that upon the receipt of the relators' application and accompanying documents the respondent did not within a reasonable time proceed to investigate the truth of the statements contained in the application as to the relators' financial ability and personal character and that such investigation has been completed, or that by the exercise of reasonable diligence it would have been completed, or that the respondent has determined, as the result of such investigation, that the statements contained in the application and accompanying documents are true and that the personal character of the relators is such as to entitle them to the permit sought.

The relators' petition for the writ of *mandamus* did not upon its face show that they had a clear and undoubted right to the relief demanded, and the demurrer to the petition must therefore be sustained and the writ of *mandamus* denied. *Writ denied.*