(No. 31722.

THE PEOPLE *ex rel.* Chris Iasello, Petitioner, *vs.* DONALD S. McKINLAY, Judge, Respondent.

*Opinion filed March 22, 1951—Rehearing denied May 21, 1951.*

JULIAN C. RYER, of Chicago, for petitioner.

JOHN S. BOYLE, State's Attorney, (JOHN T. GALLAGHER, of counsel,) and DONALD S. McKINLAY, *pro se,* all of Chicago, for respondent.

Mr. JUSTICE FULTON delivered the opinion of the court:

The People of the State on the relation of Chris Iasello applied to this court for leave to file an original petition for a writ of *mandamus* seeking to compel the respondent, Donald S. McKinlay, a judge of the superior court of Cook County and *ex-officio* judge of the criminal court, to sign, seal and file a bill of exceptions duly tendered to him on behalf of the petitioner in a cause lately pending in the Cook County criminal court wherein the People of the State of Illinois was plaintiff and the petitioner the defendant. Petitioner was granted leave to file his petition for a writ of *mandamus* and respondent has filed his amended answer and return to such petition. The issues are made upon these pleadings. The verified petition alleges that petitioner has heretofore filed in this court a transcript of the common-law record in a cause lately pending in the criminal court of Cook County, in which he seeks by writ of error to review a judgment of conviction entered by that court on March 31, 1950, wherein the respondent was the judge presiding. Such writ of error is now pending in this court as general number 31675.

It is the position of the petitioner that in order to have a proper review of the trial in the criminal court, it is necessary that he have a bill of exceptions duly signed and filed in the cause. It is his contention that the questions he desires to raise can only be raised upon a bill of exceptions because, under the decisions of this court, motions, petitions and the rulings of the judge presiding do not save themselves and are not properly a part of the common-law

record. (*People* v. *Yetter*, 386 Ill. 594; *People* v. *Levin*, 318 Ill. 227.) The petition further shows that the petitioner presented a prepared bill of exceptions and properly presented the same to the respondent for signature and that the respondent refused to sign the same. By his petition and by the affidavits of his attorneys, it is contended that the question of the petitioner's right to discharge is the failure of the prosecution to try him within the statutory time required by law and that question is relied upon primarily for a reversal of defendant's conviction.

It is alleged in the petition and represented by the said affidavits that petitioner was committed for the criminal offense charged in the indictment on October 20, 1949; that after that date relator continuously demanded trial; that he was never admitted to bail and has been continuously in the county jail of Cook County; that on at least six or seven dates when his case had been set for trial between November 9, 1949, and March 6, 1950, petitioner not only demanded a trial but entered a specific protest against the continuance of the cause; that each and every continuance was applied for and secured by the State over his objection; that on February 23, 1950, petitioner called the court's attention to the fact that more than four months had elapsed since he was committed for the criminal offense charged in the indictment and that he should be discharged under the provisions of section 18 of division XIII of the Criminal Code. (Ill. Rev. Stat. 1949, chap. 38, par. 748.) All of these matters were included in a proposed bill of exceptions, which petitioner moved to have signed, approved and filed. This motion was heard by the respondent on the 24th day of April, 1950, and by him overruled and denied, supplemented by his refusal to sign said bill of exceptions.

Petitioner insists that because of such refusal he has been improperly deprived of his constitutional right to a fair and impartial trial.

The respondent, Donald S. McKinlay, judge of the superior court of Cook County and *ex-officio* judge of the criminal court, filed an answer and return to the petition of relator, in which it is affirmatively stated that he refused to sign the proffered bill of exceptions because it was incomplete. In support of his decision he sets forth that on April 12, 1950, the petitioner tendered his bill of exceptions on said motion for discharge, and that same was marked "Presented" by the respondent; that on April 24, 1950, petitioner's motion for approval of the bill of exceptions and for respondent's certificate of correctness came on for argument, and after a full hearing said motion was denied because the bill of exceptions was incomplete, in that it contained only the petition of the petitioner and the affidavit of his attorney, George M. Crane.

The answer alleges that he pointed out to the present counsel for petitioner that the bill of exceptions did not contain motions theretofore filed by petitioner and his co-defendants, which delayed bringing the case to trial; that it did not contain the oral argument by the State's Attorney to petitioner's petition and motion and affidavit of George M. Crane; that it was further pointed out to the present counsel for petitioner that he was not attorney of record for Iasello at the time these matters were argued, and that the court had ruled that the State's Attorney's reply to lawyer Crane's argument would constitute the State's oral answer to the petition, motion and affidavit filed by petitioner in this cause; that some of the principal defenses of the State to the motion for discharge under the statute were the motion for severance or separate trial made by Iasello in November, 1949, and the petitions for a change of venue filed by three of the defendants, including Iasello, filed in January, 1950.

The respondent argues that he considered the arguments on both sides of the motion for discharge, which contained matters helpful to the presiding judge, and since the State's

argument was considered an oral answer to said motion, both arguments and the explanation and ruling of the court should be included in the bill of exceptions.

No reply or denial was filed to the answer of respondent. "Facts alleged in the answer in avoidance of the charge made when not denied by the petitioner are admitted, but when denied they must be proved by the respondent." *People ex rel. Pignatelli* v. *Ward,* 404 Ill. 240; *People ex rel. Yarrow* v. *Lueders,* 287 Ill. 107.

While it is true that in a proper case, this court will issue a writ of *mandamus* to compel the judge of a trial court to sign a bill of exceptions, the writ will only be issued where the right of the applicant is clear and undeniable and the party sought to be coerced is bound to act. *People ex rel. Brignall* v. *Lewe,* 383 Ill. 549.

In *MacGregor* v. *Miller,* 324 Ill. 113, this court said: "It is a well recognized rule that where the performance of an official duty or act involves the exercise of judgment or discretion the officer cannot ordinarily be controlled with respect to the particular action he will take in the matter, and where an officer, in the exercise of a discretionary power, has considered and determined what his course of action is to be he has exercised his discretion, and his action is not subject to review or control by *mandamus;* and so careful are the courts of encroaching in any manner upon the discretionary powers of public officials, that if any reasonable doubt exists as to the question of discretion or want of discretion they will hesitate to interfere, preferring rather to extend the benefit of the doubt in favor of the officer. (18 R.C.L. 124.)"

We do not feel that the trial court in this case refused to sign the bill of exceptions without reason. A complete bill of exceptions consists of all proceedings in the case from the time of the convening of the court until the termination of the trial. It includes all of the motions and rulings of the trial court, evidence heard, instructions and

other matters which do not come within the clerk's mandatory record. *People* v. *Loftus,* 400 Ill. 432.

The answer of the respondent, taken as true, points out many material omissions in the tendered bill of exceptions. The oral argument of the State's Attorney ruled by the court to constitute an oral answer to the petition and motion for discharge, the motion for severance or separate trial, petitions for change of venue, motions made by petitioner and his codefendants, which delayed bringing the case to trial, and the rulings, comments and explanations of the court should all have been included in the bill of exceptions, and the court was justified in refusing to sign the same as incomplete.

For the reasons stated, we hold that the petitioner has failed to establish his right to have the writ issue. The prayer of the petition is denied.

*Writi denied.*