The People of the State of Illinois on the Relation of Joe Simpkins, Petitioner-Appellee, v. The Village of Kincaid, Christian County, Illinois, a Municipal Corporation, Defendant-Appellant.

Gen. No. 10,290.

Third District.

May 18, 1960.

Rehearing denied June 27, 1960.

Pree and Pree, of Springfield, Carl H. Preihs, of Pana, and Harold Broverman, of Taylorville (Scott Hoover, of counsel) for appellant.

Craig and Craig, of Mt. Vernon, Hershey and Bliss, of Taylorville, for appellee.

PER CURIAM.

This is a suit for mandamus to compel the Board of Trustees of the Village of Kincaid to issue permits to one Joe Simpkins to drill for oil within the village limits of Kincaid. Joe Simpkins was in the business of drilling for oil and prior to the institution of this suit, had drilled approximately 100 wells in the Kincaid area, of which some 90 were oil producing wells. Simpkins was the holder of certain leases of oil rights under certain vacant lots within the village limits. Some months prior to the institution of this cause, Simpkins had commenced drilling for oil within the village limits. At that time he had no permit but had been granted the right to drill by a motion of the village board. While drilling was going on, the Village of Kincaid filed a suit to enjoin the drilling operations. The injunction was granted pending compliance with Ordinance No. 210 of the village, which had been adopted by the village on August 6, 1956. Simpkins then filed his suit for mandamus, but this was dismissed. Later,

Simpkins filed application for permits to drill at nine locations within the village limits. These applications were accompanied by the fees, bonds, leases, plats and other matters required by Ordinance No. 210. In addition petitioner Simpkins had the nine locations surveyed and staked with markings for the drilling locations. The village board at no time definitely or positively refused to grant the permits, but it took no action for several months, on the grounds that it was investigating the health and safety of the village involved in the drilling for oil within the village limits. The last meeting resulted in the Mayor of the village refusing to talk about the matter to representatives of the petitioner. The petitioner, Simpkins then brought his suit for mandamus to compel the issuance of the permits. Before trial, the petitioner filed his motion for summary judgment. This was denied. At the close of the evidence, heard by a jury, petitioner's motion for directed verdict was denied. At the trial, evidence was presented as to the breaking of the main water line of the village by a bulldozer of the petitioner. There was evidence that the drilling operation of the petitioner blocked a natural drainage in the village, causing the overflow of the premises of residents of the village and damage to their property; that some of the wells of the people living in the village were contaminated by oil. Other evidence was to the effect that the petitioner tore up a sidewalk in the village and had not paid for its replacement or repair, although it was admitted no bill had been submitted for this damage. There was some evidence that the drilling operation had left holes which filled with water and that children were playing in this water. The evidence showed that some of the proposed drilling locations were near churches and public buildings.

The jury returned a verdict in favor of the defendant village. The petitioner then filed his post-trial

motion for judgment notwithstanding the verdict of the jury, and after argument on this motion, the trial court entered an order setting aside the verdict of the jury and granting the peremptory writ of mandamus directing the defendant village to grant the permits. From that order, the village appeals to this court.

Section 23–76 of Article 23, Chapter 24, Illinois Revised Statutes, gives to cities and villages the right to grant permits to mine oil or gas under such restrictions as will protect public and private property and insure proper remuneration for such grants. Under that authority the Village of Kincaid enacted its Ordinance No. 210, dated August 6, 1956. The ordinance itself consists of nineteen sections, and Section One of the ordinance sets forth the purpose of the ordinance, which is stated to be for the purpose of the protection of the lives and persons of the citizens of the Village of Kincaid and of the public generally, for the protection of property and from the danger of fire, explosion, gas, public nuisances and other hazards dangerous to public peace, health and safety. The ordinance then proceeds to spell out the procedure necessary to obtain a permit to drill for oil within the village limits and provides that no person shall drill without such a permit.

It can not be reasonably denied that the petitioner Simpkins complied with every provision of the ordinance. He attended meetings of the village board and offered to discuss any matters of dispute with the village board. This was refused by the board on the ground that the board was still investigating the matter. The village contends that it did not refuse the permits, but its failure to act amounted to a refusal. A portion of the brief for the defendant village is devoted to statements of law that are not in dispute. It is true that mandamus is a summary, expeditious and drastic common law writ and that it

71

should never be granted unless the petitioner can show a clear and undoubted right to such relief. It is equally true and undisputed that the rules governing the granting of a motion for judgment notwithstanding the verdict are the same as those governing the granting of a directed verdict. The party moving for either is not entitled to such relief, if there is any evidence which, taken with its intendments most favorable to the party resisting the motion, tends to prove the material elements of the case of the party resisting the motion. Romines v. Illinois Motor Freight, Inc., 21 Ill.App.2d 380, 158 N.E.2d 97; Lindroth v. Walgreen Co., 407 Ill. 121, 94 N.E.2d 847; Parrucci v. Kruse, 12 Ill.App.2d 30, 138 N.E.2d 91. Why the trial court denied the motion for a directed verdict for the petitioner and after a verdict by a jury in favor of the village, then granted a motion for judgment notwithstanding the verdict is not clear. The same law and rules being applicable, if the judgment for the petitioner notwithstanding the verdict was correct, then the motion for a directed verdict for the petitioner should have been granted. The question posed by the motion for a directed verdict by the petitioner and later by his post-trial motion for judgment notwithstanding the verdict of the jury, is involved with the question also raised by the appeal, namely, did the village board have any discretion as to the granting of the permits, after the petitioner had complied with all the requirements of the ordinance? Or, stated another way, was the granting of the permits, after the requirements of the ordinance had been met, ministerial only as to the village board?

■ The village contends that the Mayor and the board were vested with discretion in the matter of issuing or not issuing the permits. We cannot agree with that contention. It is true that certain sections of the ordinance use permissive language, but that is

72

not determinative of the duties of the board. Section Three of the ordinance provides that "a permit may be issued." Section Five uses the language "in case the permit is granted," and "the Village Board shall be authorized to issue a permit," and "in case such permit is not granted," but none of this language provides for discretion on the part of the village board as to the issuance of the permits, if the conditions set forth in the ordinance are complied with. Here, under authority given to cities and villages, the Village of Kincaid enacted an ordinance providing for permits to drill for oil within the village limits. The ordinance, enacted by the village board, laid down the rules. It is unquestioned that the requirements in the ordinance could have been made much more stringent. However, that was not done, and this court must look at the ordinance as enacted. A careful examination of the ordinance will disclose that there is nothing in the ordinance that vests any discretion in the village officers in the granting of the permits, if the requirements of the ordinance are complied with. It is true that the ordinance did contain provisions for the restoring of streets and sidewalks torn up or damaged, for the clearing of the drilling tract of all machinery, derricks, buildings, oil and other substances, if the well be abandoned. The ordinance provided for the use of electric motors instead of gas motors. It provided for payment to the village or any persons in the village damaged by the drilling, and the payment of any additional insurance premiums caused by the drilling, maintenance or operation of the oil wells. All these items are liabilities placed upon the oil driller after the issuance of the permit and not before. They are all part of the requirement that a surety bond shall be filed by the applicant, in the amount of Five Thousand Dollars for property damage and Fifty Thousand Dollars for public liability. None of

these provisions vest any discretion in the village board as to the issuance of the permits.

■ ■ The defendant village cites in its brief a number of cases involving the exercise of discretion on the part of the officer against whom the writ of mandamus is sought. Where the officer involved has discretion as to whether or not he will act or do an act, mandamus will not lie. If, on the other hand, the act sought to be enforced or ordered is one purely ministerial in character, then mandamus will lie. The case of Atchison, T. and S. F. Ry. Co. v. Clark, 12 Ill.2d 515, 147 N.E.2d 89, clearly points this out, at page 519, where it says: "The traditional use of the writ of *mandamus,* both at common law and in the Illinois courts, has been to compel the performance of a purely ministerial duty which the relator is entitled of right to have performed and which the party owing the duty has failed to perform. (People ex rel. Jacobi v. Nelson, 346 Ill. 247, 178 N. E. 485.) Where the performance of an official duty or act involves the exercise of judgment or discretion, the officer's action is not subject to review or control by mandamus. (People ex rel. Iasello v. McKinlay, 409 Ill. 120, 124, 98 N.E.2d 728.)" That case involved the matter of discretion on the part of a trial judge, and the court held that mandamus did not lie.

The defendant village also cites the case of Mac-Gregor v. Miller, 324 Ill. 113, 154 N. E. 707, which involved the location of a State Bond Issue road. In that case the court held that the officers of the Department of Public Works and Buildings had discretionary powers as to the location of the road and the writ of mandamus would not lie. This is true of the case of People ex rel. Iasello v. McKinlay, 409 Ill. 120, 98 N.E.2d 728. That case involved the refusal of the trial judge to sign a bill of exceptions tendered him, and the court in that case, held that the trial

74

judge had discretionary power, and that where an officer in the exercise of a discretionary power has considered and determined his course of action, his actions are not subject to the writ of mandamus.

The case of People ex rel. Jones v. Civil Service Commission, 17 Ill.App.2d 36, 149 N.E.2d 487, involved the dismissal of a policeman on the grounds of bad moral character. And the court in that case held that the law of Civil Service gave to the commission the discretion to determine if police officers had the necessary prerequisites of character to be certified for a position on the police force. And the court said that in the exercise of its discretion, the action of the Civil Service Commission could not be considered arbitrary. The case of People ex rel. Elmore v. Allman, 382 Ill. 156, 46 N.E.2d 974, also involves action by the Civil Service Commission of the City of Chicago. In that case, the question of arbitrary and unreasonable action was raised, but the court held that the court in a mandamus proceeding, could not invade the field which the statute had placed under the jurisdiction of the commission.

All of the above cited cases relate to situations where the administrative officer or board was vested with discretion in the exercise of powers granted to him or it. Here no such discretion was vested and the duty of the Mayor and the village board was one of simple administrative power. The village board, by its enactment of Ordinance No. 210, made the rules. Its board must abide by the rules so set forth, and the rules must be applied equally to everyone.

The sole issue before the court was the question of whether the relator had complied with the provisions of Ordinance No. 210, of the Village of Kincaid, and whether the village authorities had refused to grant him permits to drill for oil in accordance with the ordinance. All evidence as to drainage, tearing up

sidewalks, damage to the water system and other evidence permitted at the trial before the jury was erroneously admitted and had no bearing on the issues in this cause. The trial court by his granting of the motion for judgment notwithstanding the verdict cured this error, by disregarding the evidence as to these matters.

The defendant village urges one other point in its appeal, namely that the doctrine of res adjudicata applied in this cause. An examination of the record fails to disclose sufficient facts that would enable this court to pass on this question.

For the reasons stated, the judgment of the trial court will be affirmed.

Affirmed.