**Eileen Campbell, Plaintiff-Appellee, v. City of Peru, a
Municipal Corporation, Defendant-Appellant.**

Gen. No. 11,902.

Third District.

May 19, 1964.

Rehearing denied June 5, 1964.

Pool & Langer, of Ottawa (H. Robert Langer, of counsel), for appellant.

Berry & O'Conor, of Ottawa, and James A. Dooley, of Chicago, for appellee.

CULBERTSON, P. J.

This is an appeal from a judgment of the Circuit Court of LaSalle County entered on a verdict in the sum of $18,000 in favor of plaintiff, Eileen Campbell, as against the City of Peru, a Municipal Corporation. The action resulted from personal injuries suffered by plaintiff when she slipped and fell on the floor while in the bathhouse of the swimming pool maintained by defendant.

On appeal in this cause it is contended by the defendant, City of Peru, specifically, (1) that the defendant did not operate, maintain, or control the swimming pool in a negligent manner; (2) that plaintiff assumed such risks as were attendant upon use of the premises; (3) that plaintiff was contributorily negligent as a matter of law; and (4) that there was error in the giving of instructions tendered by plaintiff and in the refusal of instructions tendered on behalf of defendant.

■ Plaintiff, on appeal in this Court, maintains that the evidence clearly demonstrates that the surface in question where plaintiff slipped, was maintained so that water, soap, and other foreign substances were present, and that plaintiff while in the exercise of ordinary care, sustained the fall referred to, causing severe injury. There is evidence in the record to sustain these contentions. The defendant, as the proprietor and operator of the swimming pool owed plaintiff, as a business invitee, the duty of exercising ordinary care in maintaining the bathhouse in a reasonably safe condition (Olinger v. Great Atlantic & Pacific Tea Co., 21 Ill2d 469, 173 NE2d 443; Brumm v. Goodall, 16 Ill App2d 212, 224–225, 147 NE2d 699).

■ Under the evidence in this cause the jury could reasonably find that defendant was careless and negligent in allowing a slippery foreign substance to re-

main on its bathhouse floor (Burns v. Goldammer, 38 Ill App2d 83, 86, 186 NE2d 97). While the substances which were applied to the floor, consisting of a pine oil disinfectant and soap, would be normal substances which could be used to disinfect and to clean the surface, and while defendant sought to establish that such substances had been removed by hose and squeegee, there was sufficient evidence to justify a finding by the jury that such foreign substances had not been completely removed and that plaintiff's injuries were the proximate cause thereof. The circumstance that the slippery area was on an incline was another factor which could properly have been considered by the jury in determining whether or not defendant had exercised due care (Burg v. Great Atlantic & Pacific Tea Co., 256 F2d 613, 615; Lubin v. Goldblatt Bros., Inc., 37 Ill App2d 437, 444, 186 NE2d 64).

It is notable that the Illinois Department of Public Health, as shown by the record, in 1959 when referring to compliance relating to floors of Bather-Preparation dressing rooms, etc., indicates that to have satisfactory compliance when floors that are smooth, such floors should be of nonslip finish, and that areas used by bathers in bare feet should be nonslip to bare feet. There was also evidence in the record that there was no warning as to the dangerous condition of the floor, and that plaintiff was a stranger to the premises and did not know of the slippery condition of the floor. It is apparent, therefore, from the record that there was sufficient evidence so that we would not be justified in the state of the record, in setting aside the verdict of the jury (Ney v. Yellow Cab Co., 2 Ill2d 74, 84, 117 NE2d 74).

■ The fact that there had been no prior accident is not clear or convincing proof that the floor was reasonably safe for use by the public. The facts to be

270

determined by the jury were those which existed at the time of the accident (Mobile & O. R. Co. v. Vallowe, 214 Ill 124, 129, 73 NE 416).

■ There was no basis under the evidence to justify the contention made by appellant that plaintiff assumed risks involved in a potentially slippery floor. The plaintiff in the present case had no knowledge that the oily or soapy substance had been used on the floor, nor was it a clearly obvious or normal risk. There was, therefore, no assumption of such risk by plaintiff.

■ As Courts of Appeal have repeatedly announced, to find that a plaintiff is guilty of contributory negligence, as a matter of law, would require a situation where all reasonable minds would reach the conclusion, after assuming all facts as presented by the plaintiff and all reasonable inferences to be drawn therefrom in her favor, that plaintiff was nevertheless guilty of contributory negligence (Swenson v. City of Rockford, 9 Ill2d 122, 127, 136 NE2d 777). The evidence in the case before us showed that plaintiff was a stranger on her first visit to the premises; that she proceeded from the pool to the bathhouse on the path provided by the defendant for such purpose; that she apparently walked at a normal rate of speed; that she had no knowledge of the floor's slippery condition and was given no warning of such condition, nor were there any obvious difficulties which should have alerted her to the dangerous condition. Whether or not plaintiff was guilty of contributory negligence was obviously a question of fact for the jury, and the finding of the jury on this issue should not be disturbed.

Defendant's motion for directed verdict and for judgment notwithstanding the verdict, similarly, were properly denied for the reason that there was sufficient evidence from which a jury could find defendant guilty of one or more of the allegations of negligence

271

of plaintiff's complaint (People ex rel. Simkins v. Village of Kincaid, 26 Ill App2d 68, 72, 167 NE2d 698).

■ On the question of objections relating to instructions, an instruction was given to the effect that a fact may be proven by circumstantial evidence. Such instruction went on to recite that circumstantial evidence consists of proof of facts or circumstances which give rise to a reasonable inference of the truth of the facts sought to be proved. Such instruction would not be ground for reversal in the case before us since the circumstance of the soaping treatment of the floor, the differences in appearances of the floor in discoloration, and other similar circumstances, were matters which could be considered by the jury under the evidence as presented.

■ Another instruction objected to recited that credibility of a witness may be attacked by introducing evidence that on some former occasion she made a statement inconsistent with her testimony in this case on a matter material to the issues. The instruction further stated that evidence of this kind may be considered by the jury in connection with all other facts and circumstances in evidence in deciding the weight to be given to the testimony of that witness. There was evidence that one witness called by the defendant, who had been employed at the swimming pool, after testifying that she would not say that the area in question was slippery, then stated without objection, that she signed a statement prior to trial wherein she stated, "the floor was wet and slippery, the cement floor rather smooth at that point." Under the circumstances, the giving of the instruction referred to could not be reversible error.

■ Another of plaintiff's instructions to the jury recited that plaintiff claimed she was injured and sustained damages while in the exercise of ordinary care. It further recited that the defendant denies that

the plaintiff was in the exercise of ordinary care. It was contended by the defendant that the issue of ordinary care was not properly presented by such instruction. We see no basis for such objection and find no reversible error in the giving of such instruction.

■ Another instruction given on behalf of plaintiff was an IPI instruction, number 34.04, relating to damages. No contention is made that the verdict was excessive, and under the record made in this cause, the giving of such instruction is obviously no basis for reversal.

■ An objection was made, specifically, that the Court failed to instruct the jury concerning plaintiff's assumption of risk. The Court's instruction number one, recited that defendant had asserted certain affirmative defenses, that plaintiff as a voluntary patron of defendant, subjected herself to a known or obvious peril and, therefore, assumed the risk. The Court went on to recite, after specifically stating that if the jury find from its consideration of all the evidence that each proposition required of plaintiff has been proved and that defendant's affirmative defense has not been proved, then a verdict could be returned for plaintiff; and that if it is not so proved, or if defendant's affirmative defense has been proved, then the verdict should be for defendant. Other instructions adequately cover the question of the risk assumed by the plaintiff. It would be of no value to detail questions relating to refused or given instructions further. On an examination of the entire record it is apparent that there was no reversible error in the giving or refusal of instructions in this cause.

The judgment of the Circuit Court of LaSalle County will, therefore, be affirmed.

Judgment affirmed.

ROETH and SCHEINEMAN, JJ., concur.