MORRIS, Judge.
Plaintiff, Harold Cogswell, brought this suit against the Town of Logansport to recover attorneys’ fees under LSA-R.S. 42:261, subsection (D), now designated subsection (E) as amended by Act No. 696 of 1974. This suit for attorneys’ fees arises out of a suit filed by the Town of Logansport against Harold Cogswell bearing No. 33,190 on the docket of the Eleventh Judicial District Court for the Parish of De Soto, in which the Town of Logans-port sought a Writ of Mandamus against Harold Cogswell who was the duly elected Chief of Police of the town. The facts of *770 that case, as they relate to the present matter, are simple. Harold Cogswell, Chief of Police of the Town of Logansport, had in his possession a house trailer alleged to have been abandoned. The town was attempting to compel him to deliver it in accordance with a town ordinance to a lot provided by the town for abandoned vehicles, there to be disposed of in accordance with law. A judgment was rendered in that suit against plaintiff, Town of Lo-gansport, and in favor of defendant, Harold Cogswell, the decretal portion of which reads as follows:
“IT IS ORDERED, ADJUDGED AND DECREED:
(1) That the exception of unauthorized use of summary procedure be and the same is hereby overruled.
(2) That the alternative writ of mandamus issued on April 5, 1974, is recalled and vacated, and the plaintiff’s suit is dismissed.”
Since the defendant, Harold Cogswell, was successful in that suit and the Town was unsuccessful, he brought the present action to recover the attorneys’ fees incurred in defense of that litigation. By stipulation it was agreed that plaintiff, Harold Cogswell, was a duly elected official of a political subdivision of the State of Louisiana; that the Town of Logans-port is a municipal corporation with capacity to sue and be sued; that in the previous litigation Harold Cogswell was sued in his official capacity; that judgment was rendered dismissing the suit brought by the Town of Logansport, and that the judgment was not appealed and had become final. Judgment was rendered by the trial court on the stipulation of facts and on the record of Suit No. 33,190, filed in evidence, in favor of defendant, Town of Lo-gansport, and against plaintiff, Harold Cogswell, dismissing his suit for attorneys’ fees. Plaintiff appeals from this judgment.
The statute under which plaintiff in the present matter claims attorneys’ fees reads as follows:
“Any party who shall file suit against any duly elected or appointed public official of the State of Louisiana or any of its agencies or political subdivisions for any matter arising out of the performance of the duties of his office . , and who shall be unsuccessful in his demands shall be liable to said public official for all attorneys’ fees incurred by said public official in the defense of said lawsuit or lawsuits
“The defendant public official shall have the right by rule to require the plaintiff to furnish bond, as in the case of bond for costs, to cover such attorneys’ fees before proceeding with the trial of said cause.” LSA-R.S. 42:261, subd. D (now E) [Emphasis Supplied]
In a well reasoned opinion the trial court held that this statute was intended to protect public officials from harrassment by private citizens and that the term “any party” as used in the statute did not apply to municipalities such as the Town of Lo-gansport. In reaching this construction the trial judge concluded that the intent of the legislature was to grant to public officials protection from harrassment and unfounded suits by private citizens, not to prevent or discourage suits by public officers or political subdivisions against another public officer. He further stated that the court has a duty to restrain the operation of a statute within narrower limits than the words import if the court is satisfied that their literal meaning would extend the statute to cases the legislature never intended to include. While we do not disagree with the reasoning of the trial judge in a proper case, we do not think that it is necessary to confine the words “any party” within narrow limits in order to carry out the intent of the legislature, for, in our opinion, this case does not *771 present a factual situation covered by the statute.
The suit which Town of Logans-port brought against Harold Cogswell, out of which this suit for attorneys’ fees arose, was a suit for a writ of mandamus, defined in Art. 3861 La.Code of Civil Procedure as follows:
“Mandamus is a writ directing a public officer or a corporation or any officer thereof to perform any of the duties set forth in Articles 3863 and 3864.”
Black’s Law Dictionary, Fourth Edition, defines the Writ of Mandamus as follows:
“Writ of Mandamus” is summary writ issued from court of competent jurisdiction to command performance of specific duty which relator is entitled to have performed. People v. Nelson, 346 Ill. 247, 178 N.E. 485, 487.”
* * * * * *
“The writ of mandamus is either preemptory or alternative, according as it requires the defendant absolutely to obey its behest, or gives him an opportunity to show cause to the contrary. It is the usual practice to issue the alternative writ first. This commands the defendant to do the particular act, or else to appear and show cause against it at a day named. If he neglects to obey the writ, and either makes default in his appearance or fails to show good cause against the application, the peremptory mandamus issues, which commands him absolutely and without qualification to do the act.”
A mandamus proceeding is thus a device used to compel performance.
A cursory examination of the Petition for Mandamus in Suit No. 33,190 will show that the Town of Logansport was attempting to have its Town Marshal (Chief of Police) perform. In paragraph IV of the Petition for Mandamus it is alleged that defendant therein (Harold Cogswell) . was obligated and bound by law to place the aforesaid house trailer in the custody and possession of the said town by bringing it to the Town of Logansport parking lot for abandoned vehicles.” This is an allegation of the duty of the Town Marshal. The prayer of the petition then asks that the Town Marshal be compelled to deliver the house trailer to the lot owned by the Town of Logansport on which abandoned vehicles are customarily stored.
The statute on which plaintiff bases his claim states that a duly elected official is entitled to attorneys’ fees “for any matter arising out of the performance of the duties of his office,1’ if he is the successful litigant. The key word is “performance”, which is defined as, “the act or process of carrying out something . . . ; something accomplished or carried out .” Webster’s Third New International Dictionary at page 1878.
The title to acts of the legislature may often be examined to determine legislative intent. In this regard it is appropriate to observe that the title to Act No. 304 of 1960 which added sub-section (D) to LSA-R.S. 42:261 reads as follows:
“To amend Section 261 of Title 42 of the Louisiana Revised Statutes of 1950 by adding thereto a new Sub-section to be designated as Sub-section “D”, to provide for attorneys’ fees incurred by any public official of the State of Louisiana, its agencies or any of its political subdivisions in the successful defense of lawsuits brought as a result of performance of the duties of his office.” (Emphasis Supplied)
The title uses the term “result of performance” and the body of the act reads “arising out of the performance.” The two phrases construed together make it abundantly clear that the statute applies to only one area of litigation against public officials.
*772 Non-performance of what the town considered to be the duty of the Chief of Police was the complaint, not something growing out of performance. The action brought by the town does not come within the ambit of the protection afforded by the statute, for the town was not seeking redress for the public official’s performance of official duties but to compel that performance. The two are not the same, and LSA-R.S. 42:261(D), now (E), provides for the recovery of attorneys’ fees only where the matter arises from performance. It does not include a suit to compel performance.
There are practical reasons for limiting the protection afforded by the statute, for mandamus is the only way to compel the performance of an official duty, and it would not be in the best interest of the public to make liability for attorneys’ fees and the giving of a bond therefor (as the statute so provides) a condition for suing to compel performance of official duties. To do so would be to discourage, if not stop entirely, mandamus suits and allow public officials to disregard the duties of their office without being answerable to the public.
We believe the legislature only intended to provide the protection to suits brought by parties claiming injury growing out of performance of a public official, and if there has been no performance, but only a suit to compel that performance, such as this Mandamus suit, there is no coverage under the statute.
For the reasons; assigned the judgment of the trial court is affirmed at appellant’s cost.
Before BOLIN, PRICE, HALL, DENNIS and MARVIN, JJ.
PRICE, Judge.
Harold Cogswell, the Chief of Police of Logansport, Louisiana, brought this action against the Town of Logansport to recover attorney’s fees for his successful defense of a mandamus action. The lower court denied the fees and we affirmed that decision in our original opinion on this appeal by Cogswell.
Our original opinion held that a public official who was sued to compel his performance of a duty was not afforded the protection of LSA-R.S. 42:261(E) as the language of the statute indicates the legislature intended its provisions to be limited to suits stemming from the performance of his duties.
Cogswell in application for rehearing contends this result is erroneous in view of the stipulation made by the Town at the trial of the matter that the suit brought by it against him was on a matter arising out of the performance of his duties as Chief of Police.
We granted a rehearing primarily to reconsider the effect of this stipulation on the reasons adopted in our original opinion. This matter was submitted to the trial judge for adjudication on the basis of a joint stipulation of fact prepared and executed by the attorneys for both parties. Paragraph 3 of this agreement in pertinent part reads as follows:
“On April 5, 1974, Suit #33,190, Town of Logansport, Louisiana, vs. Harold Cogswell, was filed with the Town of Logansport - - - suing Harold Cogs-well in his official capacity for a writ of mandamus on a matter arising out of the performance of the duties of his office
The subject statute R.S. 42:261(E) provides as follows:
“Any party who files suit against any duly elected or appointed public official of this state of or any of its agencies or political subdivisions for any matter arising out of the performance of the duties of his office other than matters pertaining to the collection and payment of taxes and those cases where the plain *773 tiff is seeking- to compel the defendant to comply with and apply the laws of this state relative to the registration of voters, and who is unsuccessful in his demands, shall be liable to said public official for all attorneys fees incurred by said public official in the defense of said lawsuit or lawsuits, which attorney’s fees shall be fixed by the court.”
After giving this matter thorough consideration we now conclude that this stipulation by the Town constitutes a judicial confession that the action brought by it against Cogswell was on a matter arising out of the performance of his duties and thus precludes any determination by us of whether a mandamus suit was intended to be within the actions for which the statute offers protection to a public official.
La.C.C. art. 2291 provides as follows:
“The judicial confession is the declaration which the party, or his special attorney in fact, makes in a judicial proceeding.
“It amounts to full proof against him who has made it.
“It can not be divided against him.
“It can not be revoked, unless it be proved to have been made through an error in fact.
“It can not be revoked on a pretense of an error in law.”
Also see Irving v. Sondheimer, 126 So.2d 401 (La.App. 2nd Cir. 1960), and Smith v. Everett, 291 So.2d 835 (La.App. 4th Cir. 1974). Writ refused.
The Town of Logansport did not urge this interpretation of the statute as a defense in the trial court and has not seriously urged it on oral argument of this rehearing application. It has taken the position that a public official may only claim attorneys fees under the subject statute when he has been sued by a private party and has successfully defended the suit. The district judge accepted this interpretation and found the statute inapplicable to suits brought against a public official by a public body. In our original opinion we found it unnecessary to resolve the correctness of this interpretation as we were then of the opinion plaintiff had no standing under the statute because of the character of the action he had been forced to defend.
We must now address ourselves to the question of whether a public body is within the definition of parties who may become liable under the statute for the attorneys fees of a public official if unsuccessful in bringing an action against the official.
We do not find any ambiguity in the language of the statute which justifies a resort to speculation by the court as to the legislative intent on adopting the statute. “Any party” is such an all inclusive term that it can only be interpreted as including corporations, both private and public. We equate the word “party” to “person” as defined by La.C.C.P. art. 5251. When limiting the applicability of a statute to a natural person we observe the legislature most often uses the word “individual” rather than “person”. For example, see La.C.C.P. art 5181. Also see the opinion of this court in Stump v. City of Shreveport, 255 So.2d 210 (La.App. 2nd Cir. 1971). We therefore conclude the trial judge was in error in holding the statute inapplicable to municipal corporations.
For the foregoing reasons we find plaintiff Cogswell is entitled to recover attorney’s fees from defendant, and the judgment appealed from rejecting his demand is reversed and this case is remanded to the district court for determination of the amount to be awarded plaintiff for this purpose in accord with the law and the views expressed herein. Costs of this appeal are taxed to defendant.