Dear Mr. Senette:
You have asked for clarification of Attorney General Opinion 02-206. At issue in Attorney General Opinion 02-206 was whether a police officer in a Lawrason Act municipality could also hold the local elective office of councilman in a neighboring municipality. We concluded that the Louisiana Dual Officeholding and Dual Employment Laws, R.S. 42:61, et seq., do not prohibit one from holding local elective office and employment in a separate political subdivision of the state. Rather, R.S. 42:63 (D) prohibits a person from holding elective office in a political subdivision of the state and holding "at the same time employment. . . . in the same political subdivision in which he holds elective office."
You suggest that a police officer in a Lawrason Act municipality which has an elected chief of police holds full-time appointive office and for this reason cannot hold the elected office of councilman. We disagree.
It is correct that R.S.42:63(D) prohibits one from holding elective office in a political subdivision of the state and full-time appointive office in a political subdivision of state. However, it is incorrect to characterize a police officer's position as "full-time appointive office" when for purposes of dual officeholding, he holds a position of employment. The terms "appointive office" and "employment" are specifically defined in R.S. 42:62 (2) and (3), providing:
 (2) "Appointive office" means any office in any branch of government or other position on an agency, board, or commission or any executive office of any agency, board, commission, or department which is specifically established or specifically authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof and which is filled by appointment or election by an elected or appointed public official or by a governmental body composed of such officials of this state or of a political subdivision thereof.
 (3) "Employment" means any job compensated on a salary or per diem basis, other than an elective or appointive office, in which a person is an employee of the state government or of a political subdivision thereof. Mr. Thomas C. Senette
The position of police officer does not fall within the definition of "appointive office" as the position is not an "office in any branch of government or other position on an agency, board, or commission or any executive office of any agency, board, commission, or department". Rather, a police officer holds employment. See Attorney General Opinions 97-76 and 97-405.
While the law prohibits one from holding local elective office and employment in the same political subdivision, the law does not prohibit one from holding employment in a separate political subdivision. We reaffirm our conclusion in Attorney General Opinion 02-0206.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
OPINION NUMBER 97-76
MARCH 12, 1997.
78 DUAL OFFICEHOLDING
LSA-R.S. 42:64(D); LSA-R.S. 42:62
It is not legally permissible for an individual to hold the office of full-time deputy sheriff while holding either the elective office of city councilman or justice of the peace. Opinions 90-561, 90-367, 84-858 are no longer representative of the most recent statutory interpretation of this office and are therefore recalled.
Mr. John P. Doggett General Counsel, Rapides Parish Sheriff Post Office Drawer 1791 934 Third Street, Suite 800 Alexandria, Louisiana 71309-1791
Dear Mr. Doggett:
Your correspondence of recent date raises questions familiar to this office and were recently addressed in Attorney General Opinion 96-405. We revisit these issues for your further reference.
Pertinent to your inquiry and the provisions of LSA-R.S. 42:63(D), providing:
 D. No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office. In addition no sheriff, assessor, or clerk of court shall hold any office or employment under a parish governing authority or school board, nor shall any member of any parish governing authority or school board hold any office or employment with any sheriff, assessor, or clerk of court. (Emphasis added).
The law prohibits the holding of local elective office and full time appointive office, but permits the concurrent holding of local elective office and part time appointive office.
It is important then, to determine whether the appointive office is held on a part-time or full-time basis, as defined in LSA-R.S.42:62:
 (4) Full-time means the period of time which a person normally works or is expected to work in an appointive office or employment which is at least seven hours per day of work and at least thirty-five hours per week of work.
 (5) Part-time means the period of time which a person normally works or is expected to work in an appointive office or employment which is less than the number of hours of work defined in this Section as full-time. See LSA-R.S. 42:62 (4) and (5).
Both the positions of city councilman and justice of the peace constitute local elective office; the position of deputy sheriff is an appointive position, and if held on a full-time basis, the simultaneous holding of either elective office referenced is violate of LSA-R.S.42:63(D) and is therefore impermissible.
Attorney General Opinion 96-405 reflects an effort to correct and resolve differing opinions issued from this office addressing the appropriate characterization of the position of "deputy sheriff". We concluded, for the reasons expressed in Opinion 96-405, that a deputy sheriff holds appointive office. To the extent that Opinions 90-561, 90-367, 84-858 are inconsistent with this conclusion, they are no longer representative of the most recent statutory interpretation of this office and they are therefore recalled. Opinions 96-319, 96-405, and 93-217 are affirmed herein as correct.
We trust the foregoing is helpful. Again, please refer to Opinion 96-405 as it reflects our final analysis of those issues surrounding the definition of "deputy sheriff" for purposes of dual officeholding.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ____________________________ KERRY KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
OPINION NUMBER 97-405
DECEMBER 8, 1997
16-A Criminal Law Procedure 60 — Law Officers Authority Jurisdiction R.S. 14:403.3
R.S. 44:3
An ordinance governing reporting of acts of abuse against children and elderly that restricts and interferes with the legal authority of all law enforcement personnel abridges state law.
Mr. John Doyle Chief of Police City of Harahan 6441 Jefferson Hwy. Harahan, LA 70804
Dear Chief Doyle:
This office is in receipt of your request for an opinion of the Attorney General in regard to the validity of an ordinance governing the method of reporting suspected acts of abuse against children, the elderly and/or infirm. You state as follows:
 The Ordinance prohibits discussing the facts surrounding the investigations of juveniles and some elderly persons with non law enforcement agencies such as (the Dept. of Health Hospitals, Child Protection Agency, Elderly Services, Hospice, Doctor's Offices and or Defense Attorneys) prior to a charge being accepted by the District Attorney's Office or the State Attorney General's Office.
Despite this prohibition you further note that these non-law enforcement agencies are sometimes mandated to assist in the investigation of children and elderly. You further point out that the ordinance presumes to limit the inherent authority of the Chief of Police and the Jefferson Parish Sheriff's Office, and that the ordinance dictates a juvenile to be a child under 15 years old.
The ordinance provides that it is in the best interest of the city's children, elderly and infirmed to provide clear guidelines for caretakers to report acts of abuse, and within 24 hours report any act of abuse to any local law enforcement agency having jurisdiction, which is the Harahan Police Department. The ordinance further states this shall not relieve the reporting of these offenses in accordance with other applicable state or federal statutes. Also, it is provided that the investigation "cause minimum invasion of privacy, disruption and inconvenience in the daily lives of children, the elderly and/or infirmed", and "as little disruption and inconvenience as is reasonably possible under the totality of the circumstances to caretakers and/or their employees".
The Ordinance continues by providing that in conducting any investigation into abuse all law enforcement personnel shall maintain an investigative file under seal and not disclose the contents of such investigation to non-law enforcement personnel "until such time that criminal charges are filed by the office of the State Attorney General or office of the District Attorney"; shall keep the evidence strictly confidential and shall not disclose "or make any comment regarding such evidence and/or allegation to any non-law enforcement personnel until such time as criminal charges are filed"; and shall keep the identity of all victims, and their family members confidential from non-law enforcement personnel. Further, with the intention of minimizing disruption and inconvenience, it is provided there be limited use of sirens and flashing lights on patrol cars, minimum number of officers conducting investigations, and that the investigation abide by theFourth Amendment of the U.S. Constitution.
In consideration of your observations, you ask this office to review the ordinance and give an opinion relative to its constitutionality.
We first note that while the ordinance mandates that the person suspecting abuse shall report this to the local law enforcement agency, it also specifies this does not relieve them from reporting these offenses in accordance with other applicable state or federal statutes. Thus, it seems by the ordinance there may be various agencies doing the same thing at the same time without assistance or cooperation by the local law enforcement. While we cannot say this is unconstitutional, it is obvious that it is not in the best interest of the alleged victim, nor does it fulfill the intention of the ordinance to cause a minimum of disruption inasmuch as multiple agencies may be causing more intrusion rather than less. Moreover, while much of a criminal investigative file is not subject to public disclosure, R.S. 44:3 specifies that the prohibition from disclosure does not prevent free flow of information by law enforcement agents and includes those in agencies with investigative duties.
However, our concern as to the validity of the ordinance is based in part upon the well established principle that the governing authority cannot restrict the inherent authority of the elected chief of police over his department in the control of enforcement of state and municipal laws. Insofar as the ordinance attempts to minimize the disruption that may be caused by an investigation by limiting the inherent authority of the Chief of Police, this would be an interference with the day to day operation of a police department with an elected Chief of Police which cannot be done. Lentini v. City of Kenner, 211 So.2d 311, (La, 1968);Cogswell v. Town of Logansport, 321 So.2d 769 (La.App 1975); Atty. Gen. Op. Nos. 94-536, 88-115, 87-682.
Wherein the ordinance seeks to limit the use of sirens and flashing lights and number of officers, we would conclude this could be an interference with the operation of the police department. However, there is a certain vagueness in the ordinance with regard to limiting use of sirens and flashing lights "to situations where protection of life, health or safety makes their use necessary and prudent", and the number of officers is limited to those "reason ably necessary to conduct competent investigation". If this limit is left to the discretion of the Chief of Police then it cannot be said there is any interference of his inherent authority, although it certainly is not clear who makes such a determination.
However, of more importance is the restriction to law enforcement personnel to not divulge the contents of its investigative file to non-law enforcement personnel, to not disclose or make any comments regarding evidence or allegations to non-law enforcement personnel, or the requirement to keep the identity of all victims and family members confidential and not disclose this to non-law enforcement personnel until such time as criminal charges are filed.
While in some respects these restrictions may aid in securing privacy for the victim, family, and institutions from the media, at the same time these restrictions could hinder an investigation for obviously non-law enforcement personnel must be questioned relative to an investigation which in turn may require certain disclosures to get corresponding information. But more importantly, suspected abuse is required by law to be reported to certain non-law enforcement agencies who are then required to investigate, R.S. 46:1418, R.S. 40:2009.13, R.S. 14:403.3, Ch. C. Art 610.
Consideration must also be given to the public records act which provides in part in R.S. 44:3 that the initial report of the police, records of booking, and records of summons and citations are public record. Recognizing that the initial report is public record brings up the possibility that a conflict may exist with the prohibition of disclosure in the ordinance depending upon what is contained in the initial report. It would seem likely that it could contain the identity of the victim and should include the name of anyone arrested, although it is recognized that identity of a child as a victim of sexual abuse is privileged.
Also, we take particular note of the fact that the restrictions of the ordinance are directed to "all law enforcement personnel" which not only would include the Harahan Police Department, but the Sheriff, the Attorney General and federal investigators. There fore, we must conclude in part these restrictions interfere with the legal authority bestowed upon the inherent authority of the elected chief of police as well as other law enforcement agencies and various non-law enforcement state agencies created to act in this field and to work together. It is well recognized that local ordinances cannot abridge state law.
Thus, we must conclude that in various aspects the ordinance is invalid wherein it is in conflict with state law.
If we can be of further assistance do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: ___________________________ BARBARA B. RUTLEDGE Assistant Attorney General
BBR
Date Received: September 17, 1997 Date Released: